OPINION OF THE COURT
John J. Connell, J.
This is an appeal from an order of the City Court of Rochester dated March 12, 1987, which dismissed criminal informations charging the respondents with violations of section 245.01 of the Penal Law of the State of New York, to wit: exposure of a person.
In the afternoon of June 21, 1986 in Cobbs Hill Park, a public park located within the City of Rochester, County of Monroe, the respondents removed their clothing thereby exposing their breasts with the stated purpose of protesting the aforementioned statute which permits men to appear with bare chests in public places, but not women. Prior to the activity undertaken by the respondents, a newsletter was distributed which provided the date, time, place and purpose of their activity. Additionally, during the preceding week at least one of the respondents had several discussions with authorities representing the Rochester Police Department regarding the planned demonstration. On the day of the demonstration some of the women protesting the statute carried placards, distributed leaflets and spoke out publicly expressing their views. During the course of the demonstration, the respondents removed their shirts, were ordered to *225 put their shirts back on by Rochester Police officials, and after refusing to do so, were arrested. As stated, they were charged with a violation of section 245.01 of the Penal Law.
In the lower court, the respondents moved to dismiss the informations on several constitutional grounds. The lower court reserved decision on the motions until after the trial, at which time the court found Penal Law § 245.01 constitutional in general, but unconstitutional as applied to the respondents in this particular case.
Since, as the court below correctly pointed out, only females can be convicted for exposure of their breasts under Penal Law § 245.01, the statute applies unequally to women on the basis of their gender. The State of course may treat males and females differently and not violate the Equal Protection Clauses of the United States and New York State Constitutions provided the unequal treatment is substantially related to the achievement of an important governmental concern. (Mississippi Univ. for Women v Hogan, 458 US 718 [1982].) This court finds that the State’s objective in the passage of this statute is to protect the public from invasions of its sensibilities and that it currently reflects community standards as to what constitutes nudity. As such, the prohibition under the statute as it applies to women is substantially related to the achievement of an important governmental interest or concern.
 This, of course, does not dispose of the thrust of the respondents’ argument on this appeal, and that is whether the statute as applied to the respondents in the exercise of their First Amendment right of freedom of speech, is unconstitutional. It is, of course, established law that actions can be deemed expressive and therefore entitled to the same First Amendment protections as speech. (United States v O’Brien, 391 US 367 [1968].) Indeed, this court finds that the removal by the respondents of their shirts in the context in which it occurred here was sufficiently expressive to rise to the level of communication of an idea. The issue now becomes whether Penal Law § 245.01 can be permitted to impinge upon this chosen form of speech. This court finds the statute may do so.
The respondents participated in an act of public nudity which was expressive of an idea. This, however, does not foreclose the State’s ability to regulate the activity or even prohibit it provided the statute is: "within the constitutional power of the Government; if it furthers an important or *226 substantial governmental interest; if the governmental interest is unrelated to the suppression of free expression; and if the incidental restriction on alleged First Amendment freedoms is no greater than is essential to the furtherance of that interest”. (United States v O’Brien, supra, at 377.)
Penal Law § 245.01 is unquestionably a permissible regulation, since prohibiting public nudity is plainly within the State’s police power. (People v Hollman, 68 NY2d 202 [1986].) As stated above, the statute furthers an important governmental interest. Additionally, the Supreme Court has ruled that statutes in which the government’s asserted interest is related to the suppression of free expression and concerned with the content of such expression, are unconstitutional. (Texas v Johnson, 491 US 397 [1989]; United States v Eichman, 496 US —, 110 S Ct 2404 [1990].) Unlike those statutes prohibiting flag burning, this statute is not directed toward suppressing the expression of public opinion concerning nudity, but instead "neutrally prohibits all public displays of nudity regardless of the actor’s purpose”. (People v Hollman, supra, at 207.)
The difference in the facts between this matter and those in Hollman (supra) are not dispositive. The State may regulate a person’s First Amendment right to express an opinion on the basis of time, place and manner. (Consolidated Edison Co. v Public Serv. Commn., 447 US 530 [1980].) While the respondents herein may have felt that "the shock of nudity was the most effective method of conveying [respondents’] philosophy”, nevertheless, "no one is guaranteed a right to what he considers to be the best of all means of expression, as long as the freedom to express an idea is protected”. (People v Hollman, supra, at 208.)
Finally, it is the general purpose of a criminal statute to give "fair warning of the nature of the conduct proscribed,” while at the same time preventing arbitrary and discriminatory enforcement by demanding "boundaries sufficiently distinct” for police to fairly administer the law. (Penal Law § 1.05 [2]; United States v Petrillo, 332 US 1, 7 [1947]; People v Cody, 147 Misc 2d 588 [Rochester City Ct 1990].) The statute herein satisfies this standard.
The decision of the lower court dismissing the informations against the respondents is reversed in accordance with this opinion. The matter is remitted to the lower court for further action consistent with this opinion.