OPINION OF THE COURT
Memorandum.
The order of Monroe County Court should be reversed and the informations dismissed.
Defendants’ claim that Penal Law § 245.01 offends the Equal Protection Clauses of the Federal and State Constitutions was expressly passed upon by County Court, and its disposition of that claim was a necessary basis for its order of reversal of the Rochester City Court which had dismissed the informations (see, People v Craft, 149 Misc 2d 223 [Monroe County Ct]; People v Craft, 134 Misc 2d 121 [Rochester City Ct]). We, therefore, reject the People’s argument that under CPL 470.35 (2) (a) the Court of Appeals lacks jurisdiction to pass upon that claim.
Defendants were arrested for violating Penal Law § 245.01 (exposure of a person) when they bared "that portion of the breast which is below the top of the areola” in a Rochester public park. The statute, they urge, is discriminatory on its face since it defines "private or intimate parts” of a woman’s but not a man’s body as including a specific part of the breast. That assertion being made, it is settled that the People then have the burden of proving that there is an important government interest at stake and that the gender classification is substantially related to that interest (see, Mississippi Univ. for Women v Hogan, 458 US 718, 725). In this case, however, the People have made no attempt below and make none before us to demonstrate that the statute’s discriminatory effect serves an important governmental interest or that the classification is based on a reasoned predicate. Moreover, the People do not dispute that New York is one of only two States which criminalizes the mere exposure by a woman in a public place of a specific part of her breast.
Despite the People’s virtual default on the constitutional issue, we must construe a statute, which enjoys a presumption of constitutionality, to uphold its constitutionality if a rational basis can be found to do so (see, McKinney’s Cons Laws of NY, Book 1, Statutes § 150 [c]; People v Price, 33 NY2d 831 [defendant’s equal protection claim not addressed because statute *877 was construed to not apply]; Childs v Childs, 69 AD2d 406, 418-421).
Penal Law § 245.01, when originally enacted (L 1967, ch 367, § 1), "was aimed at discouraging 'topless’ waitresses and their promoters (see, Practice Commentary by Denzer and McQuillan, McKinney’s Cons. Laws of N. Y., Book 39, Penal Law, § 245.01, p. 200)” (People v Price, 33 NY2d 831, 832, supra). Considering the statute’s provenance, we held in Price that a woman walking along a street wearing a fishnet, see-through pull-over blouse did not transgress the statute and that it "should not be applied to the noncommercial, perhaps accidental, and certainly not lewd, exposure alleged” (id., at 832). Though the statute and the rationale for that decision are different, we believe that the underlying principle of People v Price (supra) should be followed.* We, therefore, conclude that Penal Law §245.01 is not applicable to the conduct presented in these circumstances and that the City Court was correct in dismissing the informations.

 Contrary to the position of the concurrence (see, concurring opn, at 879), nothing in the Legislature’s repeal and replacement of Penal Law former § 245.01 (L 1983, ch 216), subsequent to our decision in Price, affects the holding of Price or our analysis here. The revised section 245.01 expanded the application of the former statute and prohibited full nudity by males and females (see, People v Hollman, 68 NY2d 202). In its definition of "private or intimate parts” as including women’s breasts, however, the revised statute retained the same discriminatory infirmity which occasioned our decision in Price. We find no basis in the revised statute or in the statutory history for not giving effect to Price here (see, Governor’s Approval Mem, L 1983, ch 216,1983 McKinney’s Session Laws of NY, at 2756).