965 P.2d 763

James M. CHAMPLIN, Jr., Petitioner,

v.

Hon. William P. SARGEANT, III, Judge of the Superior Court of the State of Arizona, In and For the COUNTY OF MARICOPA, Respondent Judge.

STATE of Arizona, Real Party in Interest.

No. CV–97–0181–PR.

Supreme Court of Arizona, En Banc.

Sept. 24, 1998.

Levenbaum & Cohen by Warren G. Levenbaum, Erik C. Bergstrom, Phoenix, for Petitioner.

Richard M. Romley, Maricopa County Attorney by Diane Gunnels Rowley, Deputy County Attorney, Phoenix, for Real Party in Interest.

## OPINION

JONES, Vice Chief Justice.

¶1 In this case we interpret and apply A.R.S. § 13–4433(A) pertaining to pretrial witness interviews by defendants and their counsel.[1] We have jurisdiction pursuant to article 6, section 5(3) of the Arizona Constitution and Rule 8(b) of the Arizona Rules for Special Actions.

### Facts and Procedural History

¶2 Defendant James M. Champlin, Jr., was charged with six counts of serious criminal misconduct: Counts I and IV, sexual conduct with a minor; Counts II, III and V, molestation of a child; and Count VI, public sexual indecency. Our review deals with four of those counts, I, II, V and VI, committed during three separate incidents against three victims—Alejandro and Jonathan, minors, and Shelley, an adult. The particular date on which each incident occurred is critical to our analysis.

¶3 Counts I and VI: On August 4, 1996, defendant is alleged to have touched Alejandro improperly in a movie theater in the presence of Shelley, who may have witnessed the conduct. Alejandro was the named victim of the crime of sexual conduct with a minor (Count I), and Shelley was identified as victim of the crime of public sexual indecency (Count VI).

¶4 Count II: On September 15, 1996, defendant is alleged to have touched Alejandro improperly in a movie theater in the presence of Jonathan, who may have witnessed the conduct. As a result, Alejandro was again named the victim of the crime of sexual conduct with a minor (Count II).

¶5 Count V: On a day between June 1 and July 28, 1996, defendant is alleged to have touched Jonathan improperly in a movie theater in the presence of Alejandro, who may have witnessed the conduct. On this occasion, Jonathan was named the victim of the crime of child molestation (Count V).

¶6 After learning that Alejandro, Jonathan, and Shelley would not submit to pretrial defense interviews, defendant filed a motion to compel depositions with the trial court. The trial court denied the motion, believing that the three prospective witnesses were protected against pretrial discovery as victims under A.R.S. § 13–4433(A). Defendant filed a special action in the court of appeals, which declined jurisdiction in an order dated March 18, 1997. Defendant then filed a petition for review in this court. We granted review in order to provide guidance under article 2, section 2.1 of the constitution and to apply section 13–4433(A) to the facts of this case.

### The Issue

Whether the trial judge erred in failing to order pretrial defense interviews of Alejandro, Jonathan, and Shelley under the terms of Rule 15.3 of the Arizona Rules of Criminal Procedure and A.R.S. § 13–4433(A).

### Discussion

¶7 Defendant wishes to conduct witness interviews of Alejandro, Jonathan, and Shelley: Alejandro, regarding defendant's alleged conduct against Jonathan on a day between June 1 and July 28, 1996, and regarding his perception of Shelley's ability to see defendant's alleged conduct against himself (Alejandro) on August 4, 1996; Jonathan, regarding defendant's alleged conduct against Alejandro on September 15, 1996; and Shelley, regarding defendant's alleged conduct against Alejandro on August 4, 1996. Defendant argues that these are not victim interviews, but are witness interviews and that no question posed will touch upon alleged criminal conduct of which the particular interviewee is also a named victim. This, he contends, should be permitted under the language of Rules 15.3(2) and 39(b), Arizona Rules of Criminal Procedure; article 2, section 2.1 of the Arizona Constitution; and A.R.S. § 13–4433(A).

---

1. The court also granted review of a separate question—whether the trial court abused its discretion or acted arbitrarily or capriciously by refusing to remand the indictment to the grand jury for redetermination of the issue of probable cause. We have reviewed the entire record and have determined to deny review of that issue as having been improvidently granted.

¶ 8 Arizona Rule of Criminal Procedure 15.3 states in part:

a. Availability. Upon motion of any party or a witness, the court may in its discretion order the examination of any person except the defendant and those excluded by Rule 39(b) upon oral deposition under the following circumstances:

. . . .

(2) A party shows that the person's testimony is material to the case or necessary adequately to prepare a defense or investigate the offense, that the person was not a witness at the preliminary hearing or at the probable cause phase of the juvenile transfer hearing, and that the person will not cooperate in granting a personal interview.

Thus, a trial judge may, in the exercise of *sound discretion, order the deposition of an uncooperative witness*, subject to the limitations of Rule 39(b). Rule 39(b) protects victims: a victim has the "right to refuse an interview, deposition, or other discovery request by the defendant, the defendant's attorney, or other person acting on behalf of the defendant." Ariz. R.Crim. P. 39(b)(11). The rule was promulgated by this court in 1989, one year before the Arizona Constitution was amended to include the Victims' Bill of Rights, Ariz. Const. art. 2, § 2.1 (the Amendment), and three years before the legislature enacted the implementing statute:

A. Unless the victim consents, the victim shall not be compelled to submit to an interview **on any matter**, including a charged criminal offense witnessed by the victim that occurred **on the same occasion** as the offense against the victim, that is conducted by the defendant, the defendant's attorney or an agent of the defendant.

A.R.S. § 13–4433(A) (emphasis added).

¶ 9 While Rule 39(b)(11) does not contain the "same occasion" limitation and thus on its face would provide broader *victim protection* than section 13–4433(A), the latter provision was enacted pursuant to the constitutional grant of legislative power set forth in the Amendment.[2]

¶ 10 Defendant argues that section 13–4433(A) accords "victim" protection to crime witnesses only if the witness was also the victim of an offense committed by defendant "on the same occasion." Consequently, defendant contends that because the crimes charged occurred on separate occasions, he is entitled to interview Jonathan regarding conduct Jonathan may have witnessed against Alejandro under Count II, and to interview Alejandro regarding conduct Alejandro may have witnessed against Jonathan under Count V.

¶ 11 Defendant appears to concede that this interpretation would not bring about an interview with Shelley under Count I regarding alleged conduct she witnessed against Alejandro on August 4, or with Alejandro under Count VI regarding Shelley's ability to perceive that conduct, because both Shelley and Alejandro, though witnesses, were also identified as victims of the offenses committed by defendant on August 4, i.e., "the same occasion." Defendant nevertheless makes an argument that because the charge under which Shelley is a victim (public sexual indecency, a class 1 misdemeanor) is less serious than the charge under which Alejandro is a victim (sexual conduct with a minor, a class 2 felony) and because Shelley and Alejandro are both material witnesses of this incident, the court should allow these interviews as well. We reject this argument as contrary to the plain meaning of the statute.

¶ 12 In contrast, the state argues that the language of section 13–4433(A), precluding victim interviews "on any matter," permits a victim, who may on another occasion witness separate criminal conduct by the same defendant, to refuse an interview even as to the separate conduct. It argues that the clause "including a charged criminal offense witnessed by the victim that occurred *on the same occasion* as the offense against the

---

**2.** The implementing power given the legislature in the Victims' Rights Amendment did not transfer to the legislature the power to enact all procedural and evidentiary rules in criminal cases. Rather, the legislative power extends only so far as necessary to protect rights created by the Amendment itself, and not beyond. *Slayton v. Shumway*, 166 Ariz. 87, 92, 800 P.2d 590, 595 (1990).

victim" is merely a category included within the broad sweep of "any matter." The state thus contends that a person who is the defendant's victim one day may properly refuse an interview as to conduct by the same defendant which he or she witnesses against another victim another day.

¶ 13  To support its argument, the state cites *State ex rel. Romley v. Superior Court,* 184 Ariz. 409, 909 P.2d 476 (App.1995). In that case, the defendant/real party in interest, Cunningham, struck Munjas' car while driving drunk; Cunningham was charged with driving under the influence. *Id.* at 410, 909 P.2d at 477. The question was whether Munjas was a "victim" within the meaning of A.R.S. § 13–4433(A) even though he was not a named victim of any charged offense. *Id.* The court held that Munjas was a victim for purposes of the statute and had the right to refuse a defense interview. *Id.* at 411, 909 P.2d at 478.

¶ 14  The state argues in the instant case that *Romley* stands for the proposition that the definition of "victim" is not limited to named victims of a specified count and that this court should apply a broad definition to the term "victim" and hold that while some witnesses may not be victims as to particular charges about which defendant wishes an interview, they should nonetheless be afforded "victim" status if they were victims of other crimes by the same defendant on other occasions. Accordingly, the state believes pretrial defense interviews should be precluded with such witnesses on any subject.

■ ¶ 15  We view as unsound the state's reading of the statute. When construing statutory language, we customarily follow the principle that if the language of the statute is plain and unambiguous, we look no further. *State v. Williams,* 175 Ariz. 98, 100, 854 P.2d 131, 133 (1993). The more sensible reading is that the legislature inserted the "same occasion" clause with intent to modify the phrase "on any matter." The clause cannot logically be read as extending victim protection to those who witness criminal behavior but who are not victimized by it. We think the provision constitutes a clear statement that multiple victims of a criminal offense committed in a single incident, i.e.,

"on the same occasion," are entitled to protected victim status under the Amendment. But the corollary is equally clear. A victim of a criminal offense committed on one occasion does not gain expanded victim protection simply by witnessing a separate offense committed by the same defendant on a different occasion.

■ ¶ 16  Interpreting statutory language requires that we give meaning to each word, phrase, clause, and sentence within a statute so that no part will be superfluous, void, contradictory, or insignificant. *State v. Tarango,* 185 Ariz. 208, 212, 914 P.2d 1300, 1304 (1996). The state's interpretation would render the "same occasion" clause superfluous and would cause us to violate the established rule of construction, *expressio unius est exclusio alterius* —the expression of one or more items of a class indicates an intent to exclude omitted items of the same class. *State v. Roscoe,* 185 Ariz. 68, 71, 912 P.2d 1297, 1300 (1996); *see also Pima County v. Heinfeld,* 134 Ariz. 133, 134, 654 P.2d 281, 282 (1982). It is thus significant that the legislature addressed situations in which potential witnesses were victimized on the same occasion, yet failed to mention situations in which potential witnesses may have been victimized on separate occasions. Because the latter class of incidents was not expressed, it follows that the legislature did not intend its inclusion within the protected category.

¶ 17  We note also that *State ex rel. Romley* is inapposite. In that case, Munjas was afforded "victim" status because the court found that "[a]lthough Cunningham only damaged Munjas' car rather than Munjas personally, the crime of DUI was nonetheless *committed against him.*" 184 Ariz. at 411, 909 P.2d at 478 (emphasis added). There was but one incident, i.e., one offense on a single occasion about which Munjas could have been interviewed, and the court found that the crime committed during that incident was effectively committed against him. The situation in the instant case is quite different. Here, we have multiple counts and multiple victims on three separate occasions, and the issue is simply whether witnesses should be given victim protection as to

all counts, even though not identified as victims in all counts.

¶ 18  We think the logical interpretation of section 13–4433(A) is that a person who witnesses a crime against others and is also victimized by the same defendant on the same occasion gains protected "victim" status and may not be compelled to grant a pretrial defense interview as to the offense in question.  But the victim of crime # 1 who is a witness but not a victim of crime # 2, committed by the same defendant on another occasion, may be compelled to grant an interview regarding crime # 2.  Stated differently, those who are not victims but merely witnesses of particular criminal behavior, though perhaps victims of other behavior by the same defendant on separate occasions, may be interviewed as to the former but not the latter.

¶ 19  Where the interview consists only of behavior witnessed, the potential for trauma is attenuated, the interviewee is not considered "the victim" as to that offense, and the need for protection is much diminished.

¶ 20  The Victims' Bill of Rights, Ariz. Const. art. 2, § 2.1, was adopted and its statutory implementation enacted (A.R.S. § 13–4433(A)) to provide crime victims with "basic rights of respect, protection, participation and healing of their ordeals." 1991 Ariz. Sess. Laws ch. 229, § 2. However, nothing in the Victims' Bill of Rights or section 13–4433 supports the argument that victims have a blanket right to be shielded from all contact with defendants or their attorneys until the time of trial.  *See, e.g., State ex rel. Dean v. City Court,* 173 Ariz. 515, 516–17, 844 P.2d 1165, 1166–67 (App.1992) (holding that alleged victim may be compelled to testify at pretrial hearing).  We believe that today's interpretation of section 13–4433(A) strikes a proper balance between the victim's right to be free from retraumatization during the pretrial process and preserving the defendant's ability to discover and present evidence in his or her defense.

¶ 21  Applying our interpretation of section 13–4433(A) to the facts of this case, we conclude that the trial judge may order (1) a defense interview of Alejandro pursuant to Count V as to conduct Alejandro may have witnessed against Jonathan on a date between June 1 and July 28, 1996, and (2) a defense interview of Jonathan pursuant to Count II as to conduct Jonathan may have witnessed against Alejandro on September 15, 1996.  Neither interview should touch upon matters relating to the victimization of either witness on other occasions.

¶ 22  Further, defendant is *not* entitled to interview Shelley regarding conduct Shelley may have witnessed against Alejandro on August 4, 1996, nor is defendant entitled to interview Alejandro regarding Shelley's ability to perceive his (Alejandro's) victimization on the same occasion.  On that "occasion," both Alejandro and Shelley are identified as victims of the same conduct.

¶ 23  As a concluding reminder, we note that any person accorded "victim" status under article 2, section 2.1 of the constitution may nevertheless waive the protections by voluntarily consenting to a pretrial interview at the request of the defendant or his attorney.

#### Disposition

¶ 24  We hold that the trial court, pursuant to A.R.S. § 13–4433(A), may order depositions of persons who witness but are not victims of criminal conduct, even though such persons may have been victims of other offenses committed by the same defendant on other occasions.  We dismiss as improvidently granted the separate question whether the trial court abused its discretion by refusing to remand the indictment to the grand jury for redetermination of the issue of probable cause.  The case is remanded to the trial court for further proceedings consistent with this opinion.

ZLAKET, C.J., FELDMAN and MARTONE, JJ., and JAMES MOELLER, J. (retired).