IN THE

# ARIZONA COURT OF APPEALS

DIVISION TWO

---

THE STATE OF ARIZONA,
*Petitioner*,

*v.*

HON. KENNETH LEE,
JUDGE OF THE SUPERIOR COURT OF THE STATE OF ARIZONA,
IN AND FOR THE COUNTY OF PIMA
*Respondent*,

*and*

MARSHALL NEAL RAY,
*Real Party in Interest*.

No. 2 CA-SA 2015-0039
Filed August 24, 2015

---

Special Action Proceeding
Pima County Cause No. CR20134796-001

**JURISDICTION ACCEPTED; RELIEF GRANTED**

---

COUNSEL

Barbara LaWall, Pima County Attorney
By Nicolette Kneup, Deputy County Attorney, Tucson
*Counsel for Petitioner*

Law Office of Michael W. Storie, P.C.
By Michael W. Storie and Natasha Wrae, Tucson
*Counsel for Real Party in Interest*

**OPINION**

Presiding Judge Miller authored the opinion of the Court, in which Chief Judge Eckerstrom and Judge Espinosa concurred.

M I L L E R, Presiding Judge:

¶1     The State of Arizona seeks special action review of the respondent judge's order in the criminal prosecution against Michael Ray permitting him to interview the victims and their representative.  We accept jurisdiction and grant relief.

¶2     Ray was charged with three counts of continuous sexual abuse of a child, two counts of sexual abuse of a minor under the age of fifteen, and two counts of child molestation.  The indictment named four victims.  The victims know each other, and Ray alleges that they spoke to each other about him.  Each of the victims, as well as their representative, invoked rights as established by Arizona's Victims' Bill of Rights, including the right to refuse to be interviewed by the defendant or his or her representative.  *See* Ariz. Const. art. II, § 2.1; A.R.S §§ 13-4401 through 13-4441.  Ray nonetheless sought to compel interviews with each victim and the representative.  Citing *Champlin v. Sargeant*, 192 Ariz. 371, 965 P.2d 763 (1998), he argued he was entitled to interview each of them about statements the other victims may have made, as long as he did not "explore anything with respect to a particular witness's alleged victimization."  Over the state's objection, the respondent judge granted Ray's motion "to allow [Ray] to interview the various victims with respect to their conversations with other victims about the other victims' situations."  The respondent judge prohibited any questions that sought to obtain, by indirect means, information about the victim's own situation, such as whether another victim's experience was the same as what she experienced.  The state timely sought special action relief.

¶3     The exercise of special action jurisdiction is appropriate to address issues concerning victims' rights because the rights in

question "would not be capable of protection if the matter were reviewed post-trial." *Romley v. Schneider*, 202 Ariz. 362, ¶ 5, 45 P.3d 685, 686 (App. 2002). Although Ray claims the state could appeal the respondent judge's order pursuant to A.R.S. § 13-4032(4), he is incorrect. That provision applies only to post-judgment orders and would not allow an appeal of the ruling at issue here, nor would any other provision of § 13-4032 allow the state to dismiss the action without prejudice in order to appeal the ruling. Thus, because the state has no "equally plain, speedy, and adequate remedy by appeal," Ariz. R. P. Spec. Actions 1(a), we accept special action jurisdiction.

**¶4** In *Champlin*, our supreme court addressed whether the Victims' Bill of Rights and § 13-4433(A) permitted a trial court to compel the interview of the victims of various sex offenses concerning events those victims witnessed relevant to other charges against the defendant. 192 Ariz. 371, ¶¶ 7-23, 965 P.2d at 764-67. At that time, § 13-4433(A) stated "the victim shall not be compelled to submit to an interview on any matter, including a charged criminal offense witnessed by the victim that occurred on the same occasion as the offense against the victim, that is conducted by the defendant, the defendant's attorney or an agent of the defendant." 1997 Ariz. Sess. Laws, ch. 126, § 12. As a matter of statutory interpretation, the court in *Champlin* concluded the "same occasion" clause necessarily modified the phrase "on any matter," thereby allowing the interview of eyewitness victims, so long as the eyewitness was not also a victim of an offense committed on the same occasion. 192 Ariz. 371, ¶¶ 15-16, 18, 965 P.2d at 766-67. If *Champlin* controls, it would permit the types of interviews ordered by the respondent judge.

**¶5** In 1999, after *Champlin* was decided, the legislature amended § 13-4433(A) to read as it does now:

> [T]he victim shall not be compelled to submit to an interview on any matter, including any charged criminal offense witnessed by the victim and that occurred on the same occasion as the offense against the victim, or filed in the same indictment

> or information or consolidated for trial, that is conducted by the defendant, the defendant's attorney or an agent of the defendant.

1999 Ariz. Sess. Laws, ch. 261, § 45. The amendment added protections for persons designated as victims for offenses consolidated for trial or alleged in the same indictment, without requiring the charged conduct to have occurred on the "same occasion." We agree with the state that this change to the statutory language supersedes *Champlin*. *See State v. Kindred*, 232 Ariz. 611, ¶ 6, 307 P.3d 1038, 1040 (App. 2013) (statute's plain language is best indication of legislative intent).

**¶6** The court's analysis in *Champlin* supports this conclusion. For instance, it observed that the "particular date on which each incident occurred is critical to our analysis" because the statute only prohibited witness interviews of persons who also were designated victims for offenses that occurred "on the same occasion"—which the court concluded was limited to events occurring on the same date. *Champlin*, 192 Ariz. 371, ¶¶ 2, 11, 15, 965 P.2d at 764, 765, 766. Moreover, the court rejected application of the "broader victim protection" in Rule 39(b)(11), Ariz. R. Crim. P., because it did not contain the "same occasion" limitation. *Id.* ¶ 9. By removing the "same occasion" clause for offenses in the same charging document or consolidated for trial, the legislature reinstated broader victim protections more like those provided by Rule 39(b)(11).[1]

**¶7** Ray does not specifically address this language or suggest it is inapplicable. He instead argues, based on *State v. Lee*,

---

[1]Although not dispositive, we also note that the scope of the victim protection added to Rule 39(b)(11) after enactment of the Victims' Bill of Rights remains as broad today as it was in 1991. 171 Ariz. LV (1991); *see also* Ariz. Const. art. II, § 2.1 (enacted 1990). It recognizes a victim's "right to refuse an interview, deposition, or other discovery request by the defendant, the defendant's attorney, or other person acting on behalf of the defendant."

226 Ariz. 234, 245 P.3d 919 (App. 2011), that *Champlin* merely has been limited in scope to hold that a victim "does not have the right to refuse a deposition or interview on a subject unrelated to the offense against the victim." In *Lee*, this court addressed a deposition in a civil forfeiture case of people named as victims in the underlying criminal matter, ultimately concluding the interviews were not permitted. *Id.* ¶¶ 1-2, 14. Our reference to *Champlin* in *Lee* was in a footnote, *id.* n.6, and nothing in our decision can reasonably be read to support an argument that *Champlin* overrides the plain language of § 13-4433(A).

¶8        Although Ray suggests his confrontation rights would be inappropriately limited by application of § 13-4433(A), we have rejected that proposition, as well as the contention that prohibiting victim interviews violates a defendant's due process rights. *See Norgord v. State*, 201 Ariz. 228, ¶¶ 20-21, 33 P.3d 1166, 1171 (App. 2001). Ray also claims that prohibiting the witness interviews "deprives" him of his right to "effective assistance of counsel." We decline to address this argument, however, because Ray offers no explanation or supporting authority. *Cf. State v. Bolton*, 182 Ariz. 290, 298, 896 P.2d 830, 838 (1995) (insufficient argument waives claim on review).

¶9        Ray further asserts we should permit the interviews as a matter of judicial economy because he could move to "sever the charges by victim," which would provide another justification to interview them.[2] But he does not develop any argument that severance is appropriate, and no ruling on that issue is before us. Nor does he cite any authority suggesting judicial economy can outweigh a victim's constitutional rights. Like the United States Constitution, our own constitution "recognizes higher values than speed and efficiency." *Stanley v. Illinois*, 405 U.S 645, 656 (1972). Accordingly, we decline to address this argument further.

---

[2]Even assuming Ray is entitled to severance of the charges, the fact remains that the charges were brought in the same indictment. *See* § 13-4433(A).

**¶10** We recognize that a victim's rights may, in some circumstances, be abrogated on due process grounds. In *Romley v. Superior Court*, 172 Ariz. 232, 238-39, 836 P.2d 445, 451-52 (App. 1992), we permitted the discovery of the victim's mental health records upon a showing that they were relevant to a claim of self-defense. But, unlike a victim's right to refuse a discovery request, the right of a victim to refuse an interview is paramount. *State v. Roscoe*, 185 Ariz. 68, 74, 912 P.2d 1297, 1303 (1996). And the Victims' Bill of Rights expressly authorizes the legislature to define the rights guaranteed to victims. Ariz. Const. art. II, § 2.1(D); *see also J.D. v. Hegyi*, 236 Ariz. 39, ¶ 13, 335 P.3d 1118, 1120-21 (2014).

**¶11** Accordingly, pursuant to § 13-4433(A), the respondent judge had no authority to allow Ray to interview the victims. We thus accept special action jurisdiction and vacate the respondent judge's order permitting Ray to interview the victims and their representative.