IN THE

# ARIZONA COURT OF APPEALS

DIVISION TWO

––––––––––––––––––––

THE STATE OF ARIZONA,
*Petitioner,*

*v.*

HON. MICHAEL BUTLER, JUDGE OF THE SUPERIOR COURT OF THE STATE OF
ARIZONA, IN AND FOR THE COUNTY OF PIMA,
*Respondent,*

*and*

VALENTIN VALENZUELA,
*Real Party in Interest.*

No. 2 CA-SA 2021-0043
Filed December 30, 2021

––––––––––––––––––––

Special Action Proceeding
Pima County Cause No. CR20191854001

**JURISDICTION ACCEPTED; RELIEF GRANTED**

––––––––––––––––––––

COUNSEL

Laura Conover, Pima County Attorney
By Tai Summers and Myles A. Braccio, Deputy County Attorneys, Tucson
*Counsel for Petitioner*

Kevin Burke, Pima County Legal Advocate
By John Repovsch and Walter L. Palser, Assistant Legal Advocates, Tucson
*Counsel for Real Party in Interest*

**OPINION**

Presiding Judge Espinosa authored the opinion of the Court, in which
Vice Chief Judge Staring and Judge Eckerstrom concurred.

E S P I N O S A, Presiding Judge:

¶1        This special action presents a novel question in Arizona law—
whether Arizona's Victims' Bill of Rights (VBR) provision allowing a victim
to refuse an interview by the defendant applies to a victim-witness called
to testify in a case involving a different victim and the prosecution of the
same defendant whose crime against the victim-witness took place in
another state. For the reasons that follow, we accept special action
jurisdiction, conclude the VBR provision applies to a non-Arizona victim,
and therefore grant relief.

¶2        Our special action jurisdiction is discretionary, but its exercise
is appropriate "'when there is no plain, speedy and adequate remedy by
way of appeal' [and] 'in cases involving a matter of first impression,
statewide significance, or pure questions of law.'" *Phx. Newspapers, Inc. v.
Ellis*, 215 Ariz. 268, ¶ 9 (App. 2007) (quoting *Roman Cath. Diocese v. Superior
Court*, 204 Ariz. 225, ¶ 2 (App. 2003)); *see* Ariz. R. P. Spec. Act. 1(a). Such is
the case when addressing whether a victim called to testify to present
evidence under Rule 404, Ariz. R. Evid., may be compelled to be
interviewed by the defendant. *See State v. Stauffer*, 203 Ariz. 551, ¶¶ 1, 5
(App. 2002); *State v. Leonardo*, 226 Ariz. 593, ¶¶ 3-4 (App. 2011); *State ex rel.
Romley v. Hutt*, 195 Ariz. 256, ¶ 5 (App. 1999). Thus, the exercise of our
jurisdiction is appropriate in this case.

**Factual and Procedural Background**

¶3        Valentin Valenzuela was indicted in May 2019 on one charge
of sexual conduct with a minor under fifteen, for his alleged sexual abuse
of his daughter, V.B., from September 1997 to September 1999. Another
daughter, A.V., had reported in 2018 that Valenzuela abused her as well
when she was living with him in North Dakota. Valenzuela pled guilty in
North Dakota to continuous sexual abuse of A.V. and was sentenced to
twelve years' imprisonment in January 2020.

¶4        In the current proceeding as to the abuse of V.B., the state filed
a motion to introduce evidence of Valenzuela's abuse of A.V. pursuant to

Rules 404(b) and 404(c). Valenzuela sought to interview A.V. before trial, but the state filed a notice stating that A.V. was asserting rights as a victim under Arizona's VBR and declined to be interviewed. In response Valenzuela filed a motion to compel an interview, and the respondent judge concluded he could not "institute victims['] rights from Arizona onto a North Dakota resident," and granted the motion to compel. The state filed this petition for special action.

**Application of Arizona VBR to Out-of-State Victim-Witness**

¶5        In its petition, the state urges us to conclude that a "victim should not be deprived of her right to decline a pretrial interview — a right that has been deemed 'absolute' in Arizona — simply because she is now a witness about those crimes in another state." Arizona's constitution provides various rights to crime victims in its Victims' Bill of Rights. *See* Ariz. Const. art. II, § 2.1. Among these is the right "[t]o refuse an interview, deposition, or other discovery request by the defendant, the defendant's attorney, or other person acting on behalf of the defendant." Ariz. Const. art. II, § 2.1(A)(5); *see also* A.R.S. § 13-4433(A). Although the totality of victim's rights do not apply to those called as witnesses pursuant to Rule 404, *Stauffer*, 203 Ariz. 551, ¶¶ 10, 12, "[a] victim's right to refuse to be interviewed extends to a separate prosecution involving another charge against the same defendant when that interview will require the victim to recount the particulars of the offense the defendant committed against the victim," *State v. Hamilton*, 249 Ariz. 303, ¶ 8 (App. 2020) (citing *Stauffer*, 203 Ariz. 551, ¶ 7); *see also Leonardo*, 226 Ariz. 593, ¶ 11. Thus, had Valenzuela victimized A.V. in Arizona, there is no question that she would be constitutionally entitled to refuse an interview.

¶6        As the parties agree, Arizona courts have not yet addressed a victim's rights when the defendant's criminal acts against them took place in another state. In this instance, Valenzuela committed continuous sexual abuse of a child against A.V. in North Dakota. The Arizona and North Dakota constitutions do not conflict as to the right of a victim to refuse an interview by the defendant in the criminal matter involving the crime committed against that victim. *See* Ariz. Const. art. II, § 2.1(A)(5); N. D. Const. art. I, § 25(1)(f). Valenzuela argues, however, that Arizona law does not have "any bearing on rights that arose in North Dakota" and that North Dakota's constitution should not "impose[] obligations on the procedure in an Arizona criminal court." Additionally, while all states have some form of victim protection, many do not have similar provisions relating to defense interviews. Our decision as to the application of Arizona's VBR to

victim-witnesses must therefore encompass circumstances in which the victim does not happen to live in a state with a similar constitutional provision. We therefore view the question as one of choice of law.

¶7         Relying on a South Dakota case interpreting its constitution, Valenzuela contends Arizona's VBR "only makes sense in the context of a criminal offense that occurs in Arizona in which the authorities are aware of a victim." In that case, the South Dakota Supreme Court addressed whether a provision of its state VBR, which provides that a victim is entitled to be advised that they may consult an attorney about their rights, was applicable in a criminal case in Minnesota. *In re Issuance of Summons Compelling Essential Witness To Appear & Testify in State of Minn.*, 908 N.W.2d 160, ¶¶ 1, 13-19 (S.D. 2018). There, the defendant was accused of assaulting the victim in Minnesota, after which the victim moved to South Dakota and was summoned by Minnesota as a witness in the criminal action against the defendant. *Id.* ¶ 2. The South Dakota court determined that because its VBR included language stating it applied "in any trial or appellate court, or before any other authority *with jurisdiction over the case*," *id.* ¶ 15 (quoting S. D. Const. art. VI, § 29), and because South Dakota's courts only had jurisdiction over crimes committed within the state, it was "inapplicable to crimes committed wholly outside the State of South Dakota," *id.* ¶¶ 15, 18.

¶8         Arizona's VBR does not include the jurisdictional language on which the South Dakota court relied. Ariz. Const. art. II, § 2.1. And although North Dakota's VBR includes the same jurisdictional language, N. D. Const. art. I, § 25(2), its courts have not addressed the application of its VBR outside of state bounds. Nor have the courts of this state addressed the question presented here—not whether our VBR applies when a crime is committed in another state and prosecuted there, but whether it applies when a crime has been committed elsewhere and testimony about it is sought in an Arizona prosecution against that perpetrator pursuant to Rule 404.

¶9         Generally, Arizona courts follow the Restatement (Second) of Conflict of Laws (1971) in addressing choice-of-law questions. *See Swanson v. Image Bank, Inc.*, 206 Ariz. 264, ¶ 6 (2003) ("Arizona courts apply the Restatement to determine the applicable law in a contract action."); *Cook v. Cook*, 209 Ariz. 487, ¶ 11 (App. 2005) ("Arizona invokes some principles from the Restatement," though not all in regard to out-of-state marriages); *Moore v. Montes*, 22 Ariz. App. 562, 565 (1974) (applying Restatement in tort action). The Restatement broadly provides, "A court, subject to

constitutional restrictions, will follow a statutory directive of its own state on choice of law."  Restatement § 6.

> When there is no such directive, the factors relevant to the choice of the applicable rule of law include
> (a) the needs of the interstate and international systems,
> (b) the relevant policies of the forum,
> (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
> (d) the protection of justified expectations,
> (e) the basic policies underlying the particular field of law,
> (f) certainty, predictability and uniformity of result, and
> (g) ease in the determination and application of the law to be applied.

*Id.*

¶10    As noted above, Arizona and North Dakota's VBRs generally do not conflict on the question of victim interviews.  But while all fifty states have adopted some form of VBR, *see* Michael E. Solimine & Kathryn Elvey, *Federalism, Federal Courts, and Victims' Rights*, 64 Cath. U. L. Rev. 909, 909-10 (2015), express provisions relating to victim interviews are less common, *see, e.g.*, David S. Caudill, *Professional Deregulation of Prosecutors: Defense Contact with Victims, Survivors, and Witnesses in the Era of Victims' Rights*, 17 Geo. J. of Legal Ethics 103, 114-15 (2003) ("While some states do not provide victims a specific constitutional right to refuse a pre-trial interview, the 'right' of a victim or witness to refuse an interview (and the corresponding law of any 'right' of the defendant to compel an interview) is well-settled, and some states do specify the constitutional right of a victim to refuse a pre-trial interview.").  Considering the Restatement factors in this light, we conclude they weigh in favor of applying Arizona's VBR.

¶11    Regarding the needs of the interstate system, it is important to consider, as noted, that all fifty states have adopted some type of victims' rights protections.  Although these provisions vary in their scope, their existence suggests that the system as a whole seeks to protect victims' rights.  Thus, creating a rule that would ensure victim protections across state lines advances the needs of the interstate system and the policies of

other states that have adopted victims' rights provisions. Were we to conclude that Arizona's VBR did not apply in this instance, not only would this state be deprived of the application of its laws, but we would also deprive the victim of protections she would be entitled to under North Dakota law. *See State ex rel. Montgomery v. Harris*, 237 Ariz. 98, ¶ 13 (2014) (courts avoid construing statutes to produce untenable result); *Adams v. Bolin*, 74 Ariz. 269, 273-74 (1952) (same as to constitutional provisions). Concluding that neither state's VBR would provide a victim with protections that would apply had the situs and forum states in this matter been the same does not meet the needs of our interstate system of laws.

¶12 Further, Arizona's policy clearly supports application of its VBR to all victims involved in Arizona proceedings. Arizona's VBR "preserve[s] and protect[s] victims' rights to justice and due process." Ariz. Const. art. II, § 2.1(A). And our supreme court has stated that it was enacted "to provide crime victims with 'basic rights of respect, protection, participation and healing of their ordeals.'" *Champlin v. Sargeant*, 192 Ariz. 371, ¶ 20 (1998) (quoting 1991 Ariz. Sess. Laws, ch. 229, § 2). It would be inconsistent with this purpose to place at risk victims called to appear in our courts merely because they were victimized elsewhere.

¶13 Applying Arizona's VBR to all Arizona proceedings also protects the "justified expectations" of victims who rely on victims' rights protections of this or other states and creates predictability and uniformity regarding rights guaranteed to victims who appear in the courts of this state. Likewise, allowing all victims called to testify pursuant to Rule 404 to refuse an interview creates a clear and straightforward rule for our trial courts to apply. Requiring that they consider the victims' rights statutes or constitutions of other states in each instance would be unwieldy and would generate inconsistency in application.

¶14 The Restatement also more specifically addresses choice of law in the context of procedural rules, witnesses, and evidence. As to procedure it provides, "A court usually applies its own local law rules prescribing how litigation shall be conducted even when it applies the local law rules of another state to resolve other issues in the case." Restatement § 122. And pursuant to Restatement § 137, "The local law of the forum determines what witnesses are competent to testify and the considerations that may affect their credibility." Likewise, under Restatement § 138, "The local law of the forum determines the admissibility of evidence . . . ." All of these provisions weigh in favor of applying the Arizona VBR to procedural

and evidentiary issues in Arizona trials, even when a Rule 404 witness may have been victimized in another state.

¶15            Notably, this court has previously declined to apply this Restatement test to a choice-of-law question in a criminal case involving the exclusionary rule, instead favoring a purpose-based approach. In *State v. Havatone*, 246 Ariz. 573, ¶¶ 20-27 (App. 2019), we adopted an "exclusionary rule analysis" in determining which law to apply when an allegedly unlawful search took place in another state (situs) and the case was tried in Arizona (forum). *Id.* That test "focuse[d] on the underlying principles of the exclusionary rule in deciding which law to apply." *Id.* ¶ 22. Noting that the purpose of the exclusionary rule "is to deter future police misconduct," this court determined applying the law of the situs would best promote that purpose. *Id.* ¶¶ 24-25, 27.

¶16            In an earlier case, our supreme court rejected a claim that Arizona's initial appearance rule should have applied to a defendant arrested in Illinois. *State v. Anderson*, 197 Ariz. 314, ¶ 34 (2000). The court stated, "The purpose of the initial appearance is to advise the defendant of the charges against him and to inform him of his right to counsel and to remain silent." *Id.* It concluded that because the defendant had not shown that Illinois's initial appearance rule had been violated and "the Arizona Rules of Criminal Procedure do not apply to Illinois," the defendant's right to counsel had not been violated. *Id.* Despite the *Anderson* court's summary analysis, its reasoning was similar to that in *Havatone*—the purpose of the rule was the focus of the court's rationale.

¶17            As discussed above, Arizona's VBR "preserve[s] and protect[s] victims' rights to justice and due process." Ariz. Const. art. II, § 2.1(A). And it was adopted "to provide crime victims with 'basic rights of respect, protection, participation and healing of their ordeals.'" *Champlin*, 192 Ariz. 371, ¶ 20 (quoting 1991 Ariz. Sess. Laws, ch. 229, § 2). In view of that purpose, the VBR's protection against a forced interrogation by a past victimizer should extend to all victims who participate in Arizona court proceedings, not only those who have been victimized here. Allowing a defendant charged with offenses in two states to avoid the effect of the VBR merely by having committed offenses in two jurisdictions makes little sense. *Cf.* Herbert F. Goodrich & Eugene F. Scoles, *Handbook of the Conflict of Laws* 126 (4th ed. 1964) (prevailing policy disfavors permitting defendant to avoid forum when his act caused suit); *Jackson v. Chandler*, 204 Ariz. 135, ¶ 19 (2003) (that incident occurred in other state does not lessen Arizona's interest in applying its substantive laws). Rather, applying

our VBR best ensures that victims, regardless of where victimized, are afforded the protections of our law and allowed to heal by avoiding the trauma of a compelled interview by their past assailant.

¶18            Finally, Valenzuela and the respondent judge have expressed concerns about whether it is practical to apply the VBR to an out-of-state victim.  But, we have already determined that not all rights provided by the VBR apply to a victim-witness being called pursuant to Rule 404.  *See Hamilton*, 249 Ariz. 303, ¶¶ 17-19.  Indeed, our statutes treat the right to refuse an interview differently from other rights available to victims, extending that right beyond the termination of the criminal proceeding.  *See* § 13-4433(H).  The right in question here—the right to refuse an interview— requires no action by North Dakota and no action by Arizona actors in North Dakota.  Rather, the victim simply will not be compelled to submit to an interview.  In some circumstances this may present a due process concern, *cf. State v. Quijada*, 246 Ariz. 356, ¶ 27 (App. 2019) (due process violation when defendant not allowed opportunity to question victim as to restitution at restitution hearing), particularly if a defendant is not otherwise able to investigate the out-of-state charges.  But no such concern has been raised or is apparent in this special action.[1]  *See Tucson Unified Sch. Dist. v. Borek*, 234 Ariz. 364, ¶ 14 (App. 2014) (failure to provide analysis of issue on special action waives argument).

**Conclusion**

¶19            For all the foregoing reasons, we conclude that Arizona's VBR provision allowing a victim-witness to decline a defense interview applies to victims called to testify pursuant to Rule 404(b) and 404(c), even if the crime against them took place outside of Arizona.  We therefore accept special action jurisdiction and grant relief.

---

[1]At oral argument before this court Valenzuela raised due process concerns of a different variety, pointing to the "unlevel playing field" created by the VBR, particularly in the context of calling witnesses he characterized as discretionary.  But this court has already determined that the denial of a pretrial interview or deposition of the victim "does not impair any substantive or vested rights" of a defendant because there is "no federal constitutional right to discovery."  *State v. Warner*, 168 Ariz. 261, 264-65 (App. 1990) (citing *Weatherford v. Bursey*, 429 U.S. 545 (1977)).