833 P.2d 714

**STATE of Arizona, Appellee,**

v.

**Brad A. RICHARDSON, Appellant.**

**No. 1 CA-CR 90–1911.**

Court of Appeals of Arizona,
Division 1, Department A.

June 25, 1992.

---

**44**

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Appeals Section, and Linda L. Knowles, Asst. Atty. Gen., Phoenix, for appellee.

Ron D. Wood, Navajo County Alternate Defender, Holbrook, for appellant.

## OPINION

TAYLOR, Judge.

Brad A. Richardson ("Richardson") appeals from the sentence imposed following his plea of guilty to one count of aggravated assault, a class 3 felony, in cause number 90–CR–095 and one count of attempted aggravated assault, a class 4 felony, in cause number 90–CR–440. The issue raised on appeal is whether the trial court erred in ordering Richardson to serve consecutive one-year periods in the county jail as conditions of probation for two separate charges. Because we conclude that a sentencing judge may properly impose consecutive one-year periods of incarceration in the county jail as terms of multiple probationary grants, we affirm the trial court's sentencing order.

## FACTS

Brad Richardson pled guilty to one count of aggravated assault, a class 3 felony, in cause number 90–CR–095 and to one count of attempted aggravated assault, a class 4 felony, in cause number 90–CR–440. The written plea agreements provided no agreement as to the sentence to be imposed by the court. The factual basis of 90–CR–095 was the stabbing of James Lee on February 6, 1990. The charge in 90–CR–440 related to the stabbing of John Hutzel approximately two years earlier. The trial judge accepted Richardson's pleas, finding that they were knowingly, intelligently, and voluntarily entered.

At sentencing, the trial judge suspended imposition of sentence in both cases and ordered Richardson to serve five years probation on the aggravated assault conviction and a concurrent term of four years probation on the attempted aggravated assault conviction. As a condition of his probation, the judge sentenced Richardson to one year flat time in the county jail for each of the two convictions. The jail terms were ordered to be served consecutively.

## DISCUSSION

Richardson argues that the trial court erred when it sentenced him to consecutive one-year periods in the county jail as conditions of his probation. According to Richardson, the trial court made only "one grant of probation, premised on the requirement that the Appellant serve two years in the Navajo County Jail." Richardson cites Ariz.Rev.Stat.Ann. ("A.R.S.") § 13-901(F) for the proposition that when granting probation, a defendant may not be ordered to serve time in the county jail exceeding one year. Based upon his perception of one order of probation, Richardson contends that the court's order of consecutive one-year periods of incarceration in the county jail was error. We disagree.

From the record, it is clear that the trial court did not merge the two convictions together to make one grant of probation. Rather, the trial court separately sentenced Richardson on each offense, ordering that the probation periods be concurrent. As stated in the minute entry ordering probation:

The Court hereby suspends imposition of sentence in cause number 90–CR–095, for a period of five years under the stan-

dard terms of probation 1 through 11. As an additional term of probation, it is ordered that the defendant serve one year incarceration in the Navajo County Jail with work release.... In cause number 90–CR–440 the Court suspends imposition of sentence for a period of 4 years with one year intensive probation. All of the previously imposed terms of probation apply and run concurrently with 90–CR–095, with the caveat that as a term of intensive probation, the defendant shall serve an additional year incarceration after the previously imposed jail time, in the Navajo County Jail....

We do not find this to be "one grant of probation" but rather to reflect individualized conditions of probation for the separate offenses charged in 90–CR–095 and 90–CR–440.

Relying upon *State v. Weigel,* 27 Ariz. App. 343, 344, 554 P.2d 1286, 1287 (1976), *overruled on other grounds, Pickett v. Boykin,* 118 Ariz. 261, 262, 576 P.2d 120, 121 (1978), Richardson argues that A.R.S. § 13–901(F) does not give the court authority to impose consecutive periods of incarceration when those periods exceed the one year county jail time limitation specified in the statute. With facts similar to those before us, a divided court in *Weigel* held that under the applicable statutes then existing, the courts lacked authority to impose consecutive sentences in the county jail as a condition of probation.

The State points out that A.R.S. § 13–1657, which governed the court in *Weigel,* has since been repealed. The State argues that the replacement statute, A.R.S. § 13–901(F), specifically allows for court-ordered delay in serving county jail time, thus permitting consecutive incarceration as ordered by the judge in this case.

A comparison of the two statutes is in order. The former statute, A.R.S. § 13–1657, provided:

The court may suspend the imposing of sentence and may direct that the suspension continue for such period of time, not exceeding the maximum term of sentence which may be imposed, and upon such terms and conditions as the court determines, and shall place such person on probation, under the charge and supervision of the probation officer of the court during such suspension. One of the conditions imposed may be incarceration in the county jail for a specified period not to exceed one year.

1970 Ariz.Sess.Laws 516, 517, *repealed by* 1977 Ariz.Sess.Laws 678, 689. The current statute, A.R.S. § 13–901(F), provides in part:

When granting probation the court may require that the defendant be imprisoned in the county jail *at whatever time or intervals,* consecutive or nonconsecutive, the court shall determine within the period of probation, as long as the period actually spent in confinement does not exceed one year....

(Emphasis added.)

It is well established that statutes must be interpreted in a manner which promotes legislative intent. *See Kriz v. Buckeye Petroleum Co.,* 145 Ariz. 374, 377, 701 P.2d 1182, 1185 (1985). When the statute's language does not expressly disclose legislative intent, the court must read the statute as a whole, taking into account its reason, spirit, effects, consequences, and subject matter. *Id.*

We do not find the same limitation in A.R.S. § 13–901(F) as found by the majority in *Weigel* with the statute before it. The focus of A.R.S. § 13–901(F) is to permit the court to structure a rehabilitative and deterrent program designed to encourage behavioral changes in the offender. Included in the statute's language are the options of delayed and consecutive time periods of incarceration in the order of probation. The only limiting language is that the defendant be incarcerated for no more than one year in the county jail for each term of probation.

We have before us two separate orders of probation imposed in separate cases and dealing with separate offenses. The authority to delay incarceration permits the court to require that a period of incarceration in one order of probation follow the serving of incarceration ordered in another case. We find nothing in logic or the lan-

guage of A.R.S. § 13–901(F) to suggest that a single trial judge, sentencing for separate offenses, may not impose separate consecutive periods of incarceration. The defendant is not entitled to two for the price of one. The situation is no different than if he had been sentenced by different judges for the separate offenses.

## CONCLUSION

For the foregoing reasons, we conclude that A.R.S. § 13–901(F) permits a trial court to order consecutive one-year periods in the county jail as terms of probation imposed for separate offenses. We have reviewed the record for fundamental error pursuant to A.R.S. § 13–4035 and have found none. The trial court's order sentencing Richardson to serve consecutive one-year periods in the county jail is affirmed.

CONTRERAS, P.J., and EUBANK, J., concur.