IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

FILED BY CLERK

MAR 31 2011

COURT OF APPEALS
DIVISION TWO

THE STATE OF ARIZONA,                )
                                     )        2 CA-SA 2011-0009
                    Petitioner,      )        DEPARTMENT B
                                     )
        v.                           )
                                     )        O P I N I O N
HON. JOHN S. LEONARDO, Judge of      )
the Superior Court of the State of Arizona,  )
in and for the County of Pima,       )
                                     )
                    Respondent,      )
                                     )
        and                          )
                                     )
MARK DWAYNE GANNON,                  )
                                     )
                    Real Party in Interest.  )
                                     )


SPECIAL ACTION PROCEEDING

Pima County Cause No. CR20102680

JURISDICTION ACCEPTED; RELIEF GRANTED


Barbara LaWall, Pima County Attorney
  By Jacob R. Lines                                              Tucson
                                            Attorneys for Petitioner


Robert J. Hirsh, Pima County Public Defender
  By Brian X. Metcalf                                           Tucson
                                    Attorneys for Real Party in Interest


K E L L Y, Judge.

¶1 In this special action, the State of Arizona seeks relief from the respondent judge's order compelling C.M., whom Mark Gannon had been convicted of molesting, to submit to an interview by defense counsel in a separate criminal prosecution involving another victim. The state maintains the respondent judge erred in concluding that C.M. was no longer a victim within the meaning of the Victim's Bill of Rights (VBR) set forth in the Arizona Constitution. We accept jurisdiction and, because we agree that C.M. retains her victim's rights while Gannon is on probation, grant relief.

**Facts and Procedure**

¶2 Pursuant to a plea agreement, Gannon pled guilty in CR20074852 to second-degree molestation of C.M., a child under fifteen years old. The trial court suspended the imposition of sentence and placed Gannon on probation for a ten-year period. Gannon was thereafter indicted in CR20102680 on multiple charges of sexual abuse of, sexual conduct with, and molestation of a child under fifteen years old for acts committed against a second victim, J.G.

¶3 Intending to call C.M. as a witness to present other-act evidence pursuant to Rule 404(c), Ariz. R. Evid., in its case against Gannon for his abuse of J.G., the state filed a "[n]otice of invocation of victim's constitutional rights," asserting C.M.'s rights under article II, § 2.1(A) of the Arizona Constitution. In response, Gannon filed a motion to compel a pre-trial interview of C.M., citing his rights to due process and a fair trial under the United States and Arizona Constitutions. The trial court granted Gannon's motion to compel C.M. to submit to an interview, concluding C.M.'s "rights as a victim do not last a lifetime" and that because CR20074852 had been "resolved upon [Gannon's] pleading

2

guilty and subsequently being sentenced" and because "CR20074852 has no pending appeal or other post[-]conviction matter," C.M.'s "right to refuse to be interviewed is no longer in effect." The state then filed this petition for special action.

¶4 We may accept special action jurisdiction "when there is no other means of obtaining justice on the issue raised" and here "the state could not wait until after trial to appeal . . . because the defense interview already would have taken place." *State ex rel. Romley v. Hutt*, 195 Ariz. 256, ¶ 5, 987 P.2d 218, 221 (App. 1999). Additionally, "A.R.S. § 13-4437(A) and Rule 2(a)(2), Ariz. R. P. Spec. Actions, expressly authorize victims to enforce their rights under the VBR in special action proceedings." *State v. Nichols*, 224 Ariz. 569, ¶ 2, 233 P.3d 1148, 1149 (App. 2010).

**Discussion**

¶5 We review de novo the questions of statutory interpretation raised in this matter. *See State v. Cheramie*, 218 Ariz. 447, ¶ 8, 189 P.3d 374, 375 (2008). The VBR provides "a victim of crime" with the right "[t]o refuse an interview, deposition, or other discovery request by the defendant, the defendant's attorney, or other person acting on behalf of the defendant." Ariz. Const. art. II, § 2.1(A)(5); *see also* A.R.S. § 13-4433. Pursuant to A.R.S. § 13-4402(A), this right, along with the other rights provided to victims under the VBR, "continue[s] to be enforceable . . . until the final disposition of the charges [against the defendant], including acquittal or dismissal of the charges, all post-conviction release and relief proceedings and the discharge of all criminal proceedings relating to restitution." The "[f]inal disposition" of the charges is defined as

3

"the ultimate termination of the criminal prosecution of a defendant by a trial court, including dismissal, acquittal or imposition of a sentence." A.R.S. § 13-4401(10).

¶6        The state argues that, by that definition, the proceedings against Gannon in CR20074852 have not yet reached a final disposition because he was placed on probation and that probation is ongoing. According to the state, because probation is not a sentence, *see Coy v. Fields*, 200 Ariz. 442, n.2, 27 P.3d 799, 801 n.2 (App. 2001), the case in which C.M. was a victim will not reach its final disposition so long as Gannon remains on probation. The state contends, therefore, that a "plain reading of the statutes" demonstrates that C.M. maintains her victim's rights. In contrast, Gannon points out that the language of the statutes "includes some types of final dispositions but does not expressly exclude others." He maintains that because he was convicted pursuant to a plea agreement and the time for a proceeding for relief from that conviction pursuant to Rule 32, Ariz. R. Crim. P., has passed, "his conviction is final." In light of these competing views of the finality of a criminal proceeding in the context of a victim's rights, we must determine whether a criminal proceeding has reached its final disposition when a trial court suspends imposition of sentence and places the defendant on probation. To do so, we must interpret the meaning of "final disposition" set forth in § 13-4401(10).[1]

¶7        "'Our primary goal in interpreting statutes is to discern and give effect to legislative intent.' We first consider the language of the statute and, if it is unclear, turn

---

[1]In his response to the state's petition, Gannon suggests the rule of lenity should apply here. But, the legislature has specifically instructed us to construe the statutes at issue "liberally . . . to preserve and protect the rights to which victims are entitled." A.R.S. § 13-4418.

4

to other factors, including 'the statute's context, subject matter, historical background, effects, consequences, spirit, and purpose.'" *Norgord v. State ex rel. Berning*, 201 Ariz. 228, ¶ 7, 33 P.3d 1166, 1168 (App. 2001), *quoting Hobson v. Mid-Century Ins. Co.*, 199 Ariz. 525, ¶ 8, 19 P.3d 1241, 1245 (App. 2001). As an initial matter, we reject the state's contention that the language of §§ 13-4401(10) and 13-4402(A) is clear and that a "plain reading" of those statutes is determinative here. We therefore turn to other methods of statutory interpretation to determine whether the legislature intended a victim to retain his or her rights under the VBR after a defendant is placed on probation.

¶8        In interpreting a statute, we must construe it together with other statutes relating to the same subject matter. *State v. Sweet*, 143 Ariz. 266, 270-71, 693 P.2d 921, 925-26 (1985). In this case, other statutes relating to the nature of probation and a victim's rights relating to a defendant's probationary status are instructive. Section 13-901(A), A.R.S., provides that if a person is eligible for probation, "the court may suspend the imposition or execution of sentence" and place the person on probation. Thus, as this court has pointed out, "[t]he imposition of probation is technically not a 'sentence' but a feature of the suspension of imposition of a sentence." *Coy*, 200 Ariz. 442, n.2, 27 P.3d at 801 n.2. Accordingly, a defendant convicted and placed on probation has not had his or her charges dismissed, has not been acquitted, and has not had sentence imposed, and arguably has not, therefore, reached final disposition under § 13-4401(10).

¶9        As Gannon points out, however, the language of § 13-4401(10) is not exclusive, but rather states that a "final disposition" is a conclusion of a criminal prosecution, "*including* dismissal, acquittal or imposition of a sentence." § 13-4401(10)

5

(emphasis added). The use of the word "including" denotes the list is illustrative and not exclusive. *Prince & Princess Enters., LLC v. State ex rel. Ariz. Dep't of Health Servs.*, 221 Ariz. 5, ¶ 13, 209 P.3d 141, 144 (App. 2008), *citing State v. Roque*, 213 Ariz. 193, ¶ 31, 141 P.3d 368, 382 (2006) ("Typically, the word 'including' is 'not one of all-embracing definition, but connotes simply an illustrative application of the general principle.'"). Thus, the fact that placement on probation is not set forth in the examples in the statute does not itself establish that the legislature intended to exclude it as a final disposition for purposes of victim's rights.

¶10 A broader review of the statutes enacted pursuant to the VBR, however, does establish such intent. In A.R.S. § 13-4427, the legislature specifically provided a victim with, inter alia, "the right to be present and be heard at any probation revocation disposition proceeding" or "any proceeding in which the court is requested to modify the terms of probation . . . if the modification will substantially affect the person's contact with or safety of the victim or if the modification involves restitution or incarceration status." Likewise, A.R.S. § 13-4411 requires the prosecutor's office to provide a victim with a form "to request post-conviction notice of . . . all probation modification proceedings that impact the victim [and] all probation revocation or termination proceedings." And, A.R.S. § 13-4415 requires the court itself to notify the victim about various proceedings related to a defendant's probation and the terms thereof.

¶11 These related statutes establish the legislature's intent that a victim retain his or her rights during a defendant's term of probation. If, as Gannon argues, a victim's rights are no longer enforceable after the defendant is placed on probation, he or she

6

could not exercise the right to notice of changes to the defendant's terms of probation or probationary status. And Gannon has cited nothing to suggest those rights somehow are severable from the trial-related rights set forth in the same victim rights statutes. Thus, C.M.'s rights as a victim remain enforceable while Gannon is on probation for his crime against her and she therefore is entitled to refuse an interview sought by Gannon in a different cause number.

## Disposition

¶12 For the foregoing reasons, we accept special action jurisdiction and grant relief. We vacate the trial court's order compelling C.M. to submit to a pretrial interview.

/s/ *Virginia C. Kelly*
VIRGINIA C. KELLY, Judge


CONCURRING:

/s/ *Garye L. Vásquez*
GARYE L. VÁSQUEZ, Presiding Judge


/s/ *Peter J. Eckerstrom*
PETER J. ECKERSTROM, Judge