IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

FILED BY CLERK

JUL -1 2011

COURT OF APPEALS
DIVISION TWO

| | | |
|---|---|---|
| ALEX PAUL RASMUSSEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 2 CA-SA 2011-0043 |
| | ) | DEPARTMENT B |
| HON. CLARK MUNGER, Judge of | ) | |
| the Superior Court of the State of Arizona, | ) | O P I N I O N |
| in and for the County of Pima, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| THE STATE OF ARIZONA, | ) | |
| | ) | |
| Real Party in Interest. | ) | |
| | ) | |

SPECIAL ACTION PROCEEDING

Pima County Cause No. CR20084770

JURISDICTION ACCEPTED; RELIEF GRANTED

Robert J. Hirsh, Pima County Public Defender
  By David J. Euchner                                                                    Tucson
                                                                    Attorneys for Petitioner


Barbara LaWall, Pima County Attorney
  By Jacob R. Lines                                                                    Tucson
                                                                    Attorneys for Real Party in Interest


E C K E R S T R O M, Judge.

¶1        Alex Rasmussen petitions this court for special action review of the respondent judge's order denying his motion seeking release from jail.  For the reasons that follow, we accept jurisdiction and grant relief.

¶2        Rasmussen pled guilty to two counts of arson of an occupied structure.  The respondent judge suspended imposition of sentence and placed Rasmussen on consecutive, seven-year terms of probation.  The respondent also ordered that, as a condition of probation, Rasmussen serve two consecutive, one-year jail terms.  At the end of his first jail term, Rasmussen filed a motion seeking release, asserting that the statutes governing probation did not permit a jail term exceeding one year, or, in the alternative, that his second jail term could not begin until he completed his first seven-year probation term.  The respondent denied Rasmussen's motion, determining that consecutive jail terms were permitted by A.R.S. § 13-901(F),[1] relying on *State v. Richardson*, 172 Ariz. 43, 833 P.2d 714 (App. 1992).

¶3        "Whether to accept special action jurisdiction is for this court to decide in the exercise of our discretion."  *Potter v. Vanderpool*, 225 Ariz. 495, ¶ 6, 240 P.3d 1257, 1260 (App. 2010).  We accept jurisdiction because the issue presented here is a purely legal question not addressed fully by existing case law and because Rasmussen has no remedy by appeal.  *See* Ariz. R. P. Spec. Actions 1(a); *State ex rel. Romley v. Martin*, 203 Ariz. 46, ¶ 4, 49 P.3d 1142, 1143 (App. 2002) ("Special action jurisdiction is appropriate in matters of statewide importance, issues of first impression, cases involving purely legal

[1]We have cited the current versions of the statutes applicable to this opinion, as their relevant provisions have not changed since Rasmussen committed his offenses.

questions, or issues that are likely to arise again."), *aff'd*, 205 Ariz. 279, 69 P.3d 1000 (2003); *see also* A.R.S. § 13-4033 (enumerating and limiting appealable orders); *State v. Jimenez*, 188 Ariz. 342, 345, 935 P.2d 920, 923 (App. 1996) (denial of motion to modify probation conditions not appealable).  Relief is appropriate if the respondent judge has abused his discretion by committing an error of law or proceeded in excess of his legal authority.  *See* Ariz. R. P. Spec. Actions 3; *Potter*, 225 Ariz. 495, ¶¶ 5-6, 240 P.3d at 1259-60.

¶4        The issue before us is a question of statutory construction, a legal issue we review de novo.  *State v. Leonardo*, 226 Ariz. 593, ¶ 5, 250 P.3d 1222, 1223 (App. 2011).  In interpreting a statute, our goal is to determine the intent of the legislature, and the statute's language is the best indicator of that intent.  *Zamora v. Reinstein*, 185 Ariz. 272, 275, 915 P.2d 1227, 1230 (1996).  Thus, if that language is unambiguous, we apply the language as written, without resorting to other rules of statutory construction.  *State v. Getz*, 189 Ariz. 561, 563, 944 P.2d 503, 505 (1997).  If the language is ambiguous, we examine the context of the statute and its historical background, subject matter, effects, consequences, and purposes to determine the legislature's intent.  *Leonardo*, 226 Ariz. 593, ¶ 7, 250 P.3d at 1224.

¶5        Section 13-901(F), A.R.S., provides that a trial court may impose a jail term as a condition of probation. The court has broad discretion in imposing such a term and may require it be served "within the period of probation" at any "time or intervals, consecutive or nonconsecutive, . . . as long as the period actually spent in confinement does not exceed one year or the maximum period of imprisonment permitted under

3

chapter 7 of this title, whichever is the shorter." *Id.* Rasmussen first asserts the phrase "period of probation" is unclear, and, in the case of consecutive probation terms, could either mean the individual probation terms imposed or a combined, total term of probation. Thus, he posits, if the second definition is correct, although a trial court may impose consecutive probation terms, the total jail term imposed as a condition of those terms cannot exceed one year.

¶6        We find no textual support in the statute for Rasmussen's position, and he identifies none. Section 13-901(A) enables our courts to place a person on probation for "an offense," and § 13-901(B) states that the "period of probation" is determined by A.R.S. § 13-902, which identifies maximum probation terms based on the classification of individual offenses. The statutory scheme in no way contemplates a blending or merging of separate "period[s] of probation" imposed for separate offenses into a single "period of probation" for the purpose of § 13-901(F). *Cf. State v. Bowsher*, 225 Ariz. 586, ¶ 21, 242 P.3d 1055, 1059 (2010) (consecutive probation terms reflect "distinct sanction for each count"). Division One of this court previously determined as much in *Richardson*, affirming a trial court's decision to impose consecutive, one-year jail terms when imposing two concurrent probation terms. 172 Ariz. at 44, 833 P.2d at 715. The court noted the trial court had not "merg[ed] the two convictions together to make one grant of probation," but instead had sentenced Richardson separately for each offense. *Id.* at 44-45, 833 P.2d at 715-16.

¶7        Rasmussen nonetheless contends *Richardson* was wrongly decided. Although that decision was issued by Division One of this court, both divisions

4

"constitute a single court." A.R.S. § 12-120(A). Thus, we will not depart from *Richardson* "'unless we are convinced [it is] based upon clearly erroneous principles, or conditions have changed so as to render [it] inapplicable.'" *Scappaticci v. Sw. Sav. & Loan Ass'n*, 135 Ariz. 456, 461, 662 P.2d 131, 136 (1983), *quoting Castillo v. Indus. Comm'n*, 21 Ariz. App. 465, 471, 520 P.2d 1142, 1148 (1974). Rasmussen first asserts *Richardson* was wrongly decided because it "runs counter to the language of" § 13-901(F). He reasons that, because the statute uses the phrase "period of probation" and "does not say 'one year per offense,'" the legislature clearly intended a maximum jail term of one year, irrespective of the number of convictions. But, as we have explained, the phrase "period of probation" refers to the term of probation imposed for each individual offense, not a combined term.

¶8 Rasmussen next asserts *Richardson* is contrary to public policy. He posits, without support, that the one-year maximum jail term provided in § 13-901(F) reflects a legislative policy decision that a jail term exceeding one year undermines the rehabilitative role that probation is meant to play. But, because the statutory language is unambiguous, we need not consider other rules of statutory construction, including the legislature's public policy goals. *See Getz*, 189 Ariz. at 563, 944 P.2d at 505. Further, although Rasmussen's interpretation of the one-year maximum's purpose is plausible, that maximum is at least equally likely to reflect the legislature's recognition that, as a practical matter, the typical jail—as opposed to a Department of Corrections facility—is not intended to accommodate long-term inmates. We find nothing in the legislative history or materials supporting Rasmussen's public policy argument. And, in any event,

5

Rasmussen's speculation about the purpose of the one-year limit is not sufficient for us to conclude that *Richardson* was based on clearly erroneous principles. *See Scappaticci*, 135 Ariz. at 461, 662 P.2d at 136. Moreover, Rasmussen's proposed interpretation would create an anomaly, recognized in *Richardson*, when a defendant placed on probation contemporaneously for two unrelated offenses would be exposed to a lesser jail term than a defendant placed on probation at separate times for two unrelated offenses. 172 Ariz. at 45-46, 833 P.2d at 716-17; *see also State v. Baca*, 187 Ariz. 61, 63, 926 P.2d 528, 530 (App. 1996) (in construing statute, appellate court presumes legislature did not intend absurd result and we attempt to avoid such consequence).

¶9 Rasmussen also suggests *Richardson* was wrongly decided because consecutive terms of probation were not permitted until our supreme court's recent decision in *Bowsher*. He is mistaken; our supreme court's decision in *Bowsher* makes it plain that, although prior dicta suggested otherwise, consecutive probation terms have been permitted in Arizona since at least 1978. 225 Ariz. 586, ¶¶ 17-20, 23, 242 P.3d at 1058-59. The *Richardson* decision cannot reasonably be faulted for disregarding dicta addressing a different, albeit related, question, particularly when that dicta has since been rejected as incorrect.

¶10 We agree with Rasmussen, however, that the respondent judge was not permitted to require that his jail terms be served consecutively. Section 13-901(F) permits the trial court to determine the time and intervals of the jail term only "within the period of probation." By ordering Rasmussen to serve consecutive jail terms, the respondent effectively ordered Rasmussen to serve a second jail term, a condition of his

second term of probation, during the first term of probation the court had imposed. Based on the statute's plain language, the court could require service of a second one-year jail term only during Rasmussen's second probation term.

**¶11** We disagree with the state's assertion that *Richardson* supports a contrary reading. The trial court in *Richardson* imposed concurrent probation terms. 172 Ariz. at 44, 833 P.2d at 715. The *Richardson* court determined that a trial court's authority under § 13-901(F) to determine the time and interval of associated jail terms permits it to order the terms be served consecutively because both would occur within their respective probation terms—therefore comporting with the statute's language requiring the jail terms to occur "within the period of probation." 172 Ariz. at 45-46, 833 P.2d at 716-17. That reasoning is inapplicable to the consecutive jail terms imposed here.

**¶12** For the reasons stated, we hold that when a trial court imposes consecutive periods of probation, each of which includes a term of incarceration, each jail term must be served within the probation period imposed for each respective offense.[2] And,

---

[2]Because we have determined the statute's plain language requires that any jail time imposed pursuant to a term of probation must be served during that probation term, we do not address the public policy merits of so limiting the trial court's discretion. We note that, under the current statutory language, the imposition of jail terms in each of the consecutive probationary periods could have the salutary effect of motivating probationers to perform well during the first probation period so that they could plausibly seek a modification of the terms of the second probation period, including vacating or suspending the second jail term. *See* Ariz. R. Crim. P. 27.3 (authorizing probationers to request court "to modify . . . any condition" of probation). On the other hand, the current language somewhat reduces the trial court's range of options in tailoring a sentence to address the unique features of the case and defendant before it. But the state has not argued that our interpretation of the plain language would lead to an absurd result. "An absurd result is one 'so irrational, unnatural, or inconvenient that it cannot be supposed to have been within the intention of persons with ordinary intelligence and discretion.'"

7

because Rasmussen has already served his one-year jail term for his first probation period, he must be released from confinement as to the second. Accordingly, the respondent abused his discretion by denying Rasmussen's motion for release. We therefore vacate the respondent judge's order denying Rasmussen's motion and remand the case to the respondent to modify the conditions of Rasmussen's probation in conformity with this opinion.

/s/ *Peter J. Eckerstrom*
PETER J. ECKERSTROM, Judge

CONCURRING:

/s/ *Garye L. Vásquez*
GARYE L. VÁSQUEZ, Presiding Judge

/s/ *Virginia C. Kelly*
VIRGINIA C. KELLY, Judge

---

*Evans Withycombe, Inc. v. W. Innovations, Inc.*, 215 Ariz. 237, ¶ 12, 159 P.3d 547, 550 (App. 2006), *quoting State v. Estrada*, 201 Ariz. 247, ¶ 17, 34 P.3d 356, 360 (2001). When, as here, the plain language of the pertinent statute expresses a legislative intent that is not absurd, it is for the legislature, not this court, to debate the wisdom of that legislation.