NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

FRANCISCO MANUEL NIEBLAS RODRIGUEZ, *Appellant.*

No. 1 CA-CR 18-0899
FILED 1-16-2020

Appeal from the Superior Court in Maricopa County
No. CR2016-160844-001
The Honorable Mark H. Brain, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Casey Ball
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Paul J. Prato
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Judge Michael J. Brown joined.

---

**C A M P B E L L**, Judge:

¶1          Francisco Manuel Nieblas Rodriguez appeals his convictions and sentences for multiple counts of armed robbery, aggravated assault, kidnapping, and attempted armed robbery. Rodriguez challenges the superior court's denial of his motion to sever, and contends the court erred by allowing the victims to remain in the courtroom during each other's trial testimony. For the following reasons, we affirm.

**BACKGROUND[1]**

¶2          Based on evidence collected from eight attempted or completed robberies at check-cashing businesses, the State charged Rodriguez with seven counts of armed robbery, nine counts of aggravated assault, seven counts of kidnapping, and two counts of attempted armed robbery.[2] Before trial, Rodriguez moved to sever the charges. He argued that each offense should be tried separately because they occurred on eight different days over a period of months, were dissimilar in modus operandi, and the witness's description of the suspect differed. He also argued he would be denied a fair trial if all nine victims were allowed to testify before the same jury. The superior court denied the motion. The court found severance was not warranted because the stipulated facts indicated the robberies were committed in a similar fashion. Namely, the robberies took place at similar places of business by an assailant with a similar description at a similar time of the business day with similar victims. The court also

---

[1]       We view the facts in the light most favorable to sustaining the jury's verdicts and resolve all reasonable inferences against Rodriguez. *State v. Payne*, 233 Ariz. 484, 509, ¶ 93 (2013).

[2]       The State also charged Rodriguez with one count of misconduct involving weapons, which the superior court ultimately dismissed with prejudice.

found evidence of the incidents would be cross-admissible at separate trials.

**¶3**      As trial began, Rodriguez asked the court to exclude one of the victims from the courtroom, and he re-urged his motion to sever. The court denied the request to exclude the victim and implicitly denied the motion to sever. During the State's presentation of evidence, Rodriguez renewed his severance motion because the victims in the courtroom heard one another testify and identify him as the man who committed each individual robbery. The court treated the motion to sever as a "motion for mistrial and lack of severance," which it denied.

**¶4**      The jury found Rodriguez guilty of the 25 charged offenses. The superior court sentenced Rodriguez to concurrent prison terms, the longest being 33 years. Rodriguez timely appealed.

## DISCUSSION

### I.    The superior court did not err by denying Rodriguez's motion to sever.

**¶5**      Rodriguez challenges the superior court's denial of his severance motion, arguing the State improperly joined the offenses under Arizona Rule of Criminal Procedure 13.3(a). We review the denial of a severance motion for an abuse of discretion. *State v. Prince*, 204 Ariz. 156, 159, ¶ 13 (2003).

**¶6**      Multiple offenses may be joined in a complaint if they "are of the same or similar character[.]" Ariz. R. Crim. P. 13.3(a)(1). However, the court must sever joined offenses if "necessary to promote a fair determination of any defendant's guilt or innocence of any offense." Ariz. R. Crim. P. 13.4(a). Further, a defendant is entitled to severance of right if the "offenses [are] joined solely under Rule 13.3(a)(1), unless evidence of the other offense or offenses would be admissible if the offenses were tried separately." Ariz. R. Crim. P. 13.4(b).

**¶7**      Arizona Rule of Evidence 404(b) generally precludes the admission of "evidence of other crimes, wrongs, or acts . . . to prove the character of a person in order to show action in conformity therewith." But other-act evidence may be admitted for other purposes, including proving the identity of the perpetrator. Ariz. R. Evid. 404(b). "The identity exception to [Rule] 404(b) applies if identity is in issue, and if the behavior of the accused both on the occasion charged and on some other occasion is sufficiently distinctive, then proof that the accused was involved on the

other occasion tends to prove his involvement in the crime charged." *State v. Goudeau*, 239 Ariz. 421, ¶ 58 (2016) (quoting *State v. Stuard*, 176 Ariz. 589, 597 (1993)). Although "[t]he pattern and characteristics of the crimes must be so unusual and distinctive as to be like a signature," *id.* (quoting *Stuard*, 176 Ariz. at 597) "identity in every particular is not required. [T]here must be similarities between the offenses in those important aspects 'when normally there could be expected to be found differences.'" *State v. Roscoe*, 145 Ariz. 212, 216 (1984) (quoting *State v. Jackson*, 124 Ariz. 202, 204 (1979)). Identity was the central issue in this case—Rodriguez asserted he was not the robber. Provided the incidents were sufficiently similar, the State could properly introduce evidence of the other robberies to prove Rodriguez also committed the other offenses even though they occurred on a different date.

**¶8**　　　　Rodriguez argues the offenses did not share sufficiently similar characteristics to permit a joint trial. The superior court disagreed, as do we.

**¶9**　　　　When Rodriguez first moved to sever the charges, the parties stipulated to a set of facts.[3] Namely—that on eight occasions from April 19 to December 30, 2016, the assailant approached lone female employees of cash-checking stores as they were opening or closing the businesses. Brandishing a handgun, the assailant either attempted to or gained entrance to employee-only areas of the stores and demanded the women open safes and registers to get him money. The assailant wore dark, long sleeved clothing and a black baseball cap. After several of the robberies, the assailant left in a white sedan.[4]

**¶10**　　　　The court considered the stipulated facts when denying the motion to sever—eight robberies were committed over the course of approximately eight months. The robberies all took place at similar cash businesses during a time of day when customers were less likely to be present. All the victims were women. In each instance a demand for money was made while a handgun was brandished as a threat. The assailant wore similarly described dark clothing during each incident. To be sure, the robberies do not share identical characteristics, but such precision is not necessary. The robberies all bore sufficient evidentiary similarity to implicate a single perpetrator. The superior court did not abuse its

---

[3]　　　"[W]e consider only the evidence before the court when it ruled on the motion to sever." *Goudeau*, 239 Ariz. at 444–45, ¶ 60.

[4]　　　The trial evidence, with the addition of the nine victims' in-court identifications of Rodriguez, is consistent with the foregoing facts.

discretion by concluding the charges were properly joined under Rule 13.4(a)(1).

¶11          Rodriguez nonetheless complains he was entitled to severance because the number of charges and the number of victims could cause the jury to convict him, not based on the evidence supporting each individual count, but on a "criminal propensity" theory, the exact circumstance that motivated the preclusion of other acts evidence. Ariz. R. Evid. 404(b). We reject this argument. First, for the reasons stated, *see supra* ¶ 10, the other-act evidence was admissible under Rule 404(b) to prove identity of the assailant from each incident. Further, the superior court instructed the jury to consider each count separately from the other counts, and the prosecutor and defense counsel both reiterated this requirement during closing arguments. We presume jurors follow the court's instructions. *State v. McCurdy*, 216 Ariz. 567, 574, ¶ 17 (App. 2007).

## II.     The superior court properly denied Rodriguez' request to prohibit the victims from hearing each other's trial testimony.

¶12          Rodriguez argues the superior court committed reversible error by allowing the victims to observe each other's trial testimony. Rodriguez asserts that by observing other victims identify him as the perpetrator, the victims who subsequently testified were influenced by the previous identification testimony. Reviewing for an abuse of discretion, we reject this argument. *State v. Wilson*, 185 Ariz. 254, 259 (App. 1995).

¶13          The Victim's Bill of Rights ("VBR"), Ariz. Const. art. II, § 2.1(12)(C), and statutory implementation act, A.R.S § 13-4401 et. seq., were enacted "to provide crime victims with basic rights of respect, protection, participation and healing of their ordeals." *Champlin v. Sargeant In & For Cty. of Maricopa*, 192 Ariz. 371, 375, ¶ 20 (1998) (internal citation omitted). We construe the victims' rights statutes "liberally to preserve and protect the rights to which victims are entitled." A.R.S. § 13-4418. Victims' rights arise on the defendant's arrest or formal charging and continue to be enforceable "until the *final disposition of the charges*, including acquittal or dismissal of the charges, all post-conviction release and relief proceedings and the discharge of all criminal proceedings relating to restitution." A.R.S. § 13-4402 (emphasis added); *State v. Leonardo, ex rel. Cty. of Pima*, 226 Ariz. 593, 594, ¶ 5 (App. 2011). Victims have a right to remain in the courtroom under the VBR. A.R.S. § 13-4420. This right is not limited by joinder of counts. *See generally* Ariz. Const. art. II, § 2.1(12)(C); A.R.S § 13-4401 et. seq. Until final disposition of the charges, each victim maintains the right to be present. *Leonardo*, 226 Ariz. at 594, ¶ 5.

¶14      As defense counsel conceded at trial, the victims "unlike other witnesses, . . . have a right to watch the trial." Ariz. Const. art. II § 2.1(A)(3) ("To preserve and protect victims' rights to justice and due process, a victim of a crime has a right . . . [t]o be present at . . . all criminal proceedings where the defendant has the right to be present."); A.R.S. § 13-4420 ("The victim has the right to be present throughout all criminal proceedings in which the defendant has the right to be present."); Ariz. R. Crim. P. 9.3(a) (noting a crime victim is an exception to the trial court's authority to exclude prospective witnesses from the courtroom during opening statements and other witnesses' testimony).

¶15      Further, the superior court did not prevent Rodriguez from presenting the issue of victim influence to the jury. In fact, defense counsel implied during closing arguments that the victims' identification of Rodriguez was influenced by their observations of other victims identifying him during the trial. The jurors, in fulfilling their proper role to determine the credibility and weight to be afforded testimony, *State v. Toney*, 113 Ariz. 404, 408 (1976), apparently did not find counsel's argument sufficiently persuasive.

¶16      Rodriguez contends *State v. Nichols* held that a crime victims' rights are "specific to the crime committed against the named victim." Thus, the eight victims should only have been allowed to remain in the courtroom while evidence of the crime in which they were a victim was being presented. *See* 224 Ariz. 569, 574, ¶ 22 (App. 2010). However, that proposition was not relevant to the holding in that case. In *Nichols*, this court concluded that, although a person against whom an offense is committed while they are in custody does not enjoy victim status under the VBR, a victim's rights "are not thereafter lost if the victim subsequently should be in custody for an unrelated offense." *Nichols*, 224 Ariz. at 574, ¶ 22 (internal quotations omitted). The language Rodriguez cites was part of our holding in in *State v. Stauffer*. 203 Ariz. 551, 555, ¶ 9 (App. 2002). In that case, we addressed the rights of victims who are called pursuant to 404(c) for the purpose of proving a defendant's sexual propensity in a later prosecution for a similar offense. We concluded that the victim of a prior charged offense retains the right to decline a pretrial interview but does not enjoy every right available under the VBR, including the right to participate in the later prosecution's proceedings. 203 Ariz. at 555. We also concluded that victim's rights arise upon the arrest or charging of a defendant for the offense in which the witness claims victim status. A.R.S. § 13-77012(A). Neither *Nichols* nor *Stauffer* are applicable to the issues in this case. *Id.*; *Nichols*, 224 Ariz. at 574, ¶ 22.

**¶17**        Here we address whether different victims of similar offenses, tried simultaneously, have the right to be present during the entire trial. For the reasons set forth above, we determine they do. The superior court did not abuse its discretion by allowing the victims to observe each other's trial testimony.

## CONCLUSION

**¶18**        For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:  AA