IN THE
# ARIZONA COURT OF APPEALS
DIVISION TWO

_____

KHRISTINA LYN SHIFFLETTE,
*Petitioner*,

*v.*

HON. JAMES E. MARNER, JUDGE OF THE SUPERIOR COURT
OF THE STATE OF ARIZONA, IN AND FOR THE COUNTY OF PIMA,
*Respondent*,

*and*

THE STATE OF ARIZONA,
*Real Party in Interest*.

No. 2 CA-SA 2023-0009
Filed June 27, 2023

_____

Special Action Proceeding
Pima County Cause No. CR20212109001

**JURISDICTION ACCEPTED; RELIEF GRANTED**

_____

COUNSEL

Megan Page, Pima County Public Defender
By Audrey Baumgartner, Assistant Public Defender, Tucson
*Counsel for Petitioner*

Laura Conover, Pima County Attorney
By Maile Belongie, Deputy County Attorney, Tucson
*Counsel for Real Party in Interest*

**OPINION**

Judge Gard authored the opinion of the Court, in which Presiding Judge Eppich and Chief Judge Vásquez concurred.

G A R D, Judge:

**¶1**     In this special action, petitioner Khristina Shifflette challenges the respondent judge's ruling denying her request to receive credit under A.R.S. § 13-712(B) for time she spent in custody before sentencing. Because we conclude the respondent erred, we accept jurisdiction, grant relief, and remand the matter for resentencing.

### Factual and Procedural Background

**¶2**     Tucson Police arrested Shifflette in February 2021, after she collided with a parked vehicle while driving and officers noticed signs of impairment. She was in custody for ten days before being released. Several months later, a grand jury indicted Shifflette for two counts of aggravated driving under the influence (DUI), class four felonies, and one count of criminal damage, a class five felony. The state also alleged that Shifflette had two prior misdemeanor DUI convictions. Shifflette remained out of custody pending trial. Ultimately, Shifflette pled guilty to endangerment, a class six undesignated offense, and DUI, a class one misdemeanor. She also admitted having one prior misdemeanor DUI conviction within the previous eighty-four months.

**¶3**     Before sentencing, Shifflette filed a memorandum asking the respondent judge to credit her sentences with the ten days she had spent in custody after her arrest. At sentencing, the respondent expressly found Shifflette eligible for probation, suspended the imposition of sentence on both counts, and placed Shifflette on probation. As to the DUI count, the respondent stated:

> THE COURT FURTHER FINDS that the term of probation should include incarceration in the Pima County Jail.
>
> IT IS ORDERED suspending imposition of sentence and placing the Defendant on

> probation for a period of FIVE (5) YEARS, commencing on [the date of sentencing] . . . .
>
> IT IS ORDERED as a condition of probation the Defendant be incarcerated in the Pima County Jail for a period of NINETY (90) DAYS . . . . The Defendant shall be given credit for ZERO (0) DAYS time served. The Court suspends SIXTY (60) DAYS of the term imposed.

The respondent, however, took under advisement "the appropriate amount of time credit, if any."

¶4        In a subsequent order, the respondent judge addressed Shifflette's request for presentence incarceration credit on the DUI count. The respondent acknowledged that § 13-712(B), which provides that "[a]ll time actually spent in custody pursuant to an offense until the prisoner is sentenced to imprisonment for such offense shall be credited against the term of imprisonment," applies to criminal offenses, including DUI, defined outside Title 13, unless the context requires otherwise. *See* A.R.S. § 13-102(D). However, the respondent concluded that A.R.S. § 28-1381(K)(1), the DUI statute under which Shifflette had been sentenced, "expressly provides an exception to the application of time credit" and that the statutory "language unequivocally provides that the jail term days must be served consecutively" to one another. The respondent accordingly denied Shifflette's request for presentence incarceration credit, as well as her subsequent motion to reconsider. This special action followed.

## Jurisdiction

¶5        "'Special action jurisdiction is appropriate when there is no plain, speedy and adequate remedy by way of appeal' or 'in cases involving a matter of first impression, statewide significance, or pure questions of law.'" *Phoenix Newspapers, Inc. v. Ellis*, 215 Ariz. 268, ¶ 9 (App. 2007) (quoting *Roman Cath. Diocese v. Superior Court*, 204 Ariz. 225, ¶ 2 (App. 2003)); *see also* Ariz. R. P. Spec. Act. 1(a). "[Q]uestions of law . . . are reviewed de novo and are particularly appropriate for review by special action." *Sierra Tucson, Inc. v. Lee*, 230 Ariz. 255, ¶ 7 (App. 2012). The question presented here is a purely legal one and carries statewide significance. We therefore accept jurisdiction.

**Discussion**

**¶6**        Shifflette contends the respondent judge erred in concluding that "§ 28-1381(K)(1) expressly provides an exception to" the requirements of § 13-712(B). We ordered supplemental briefing on the threshold question whether the respondent had erred under § 28-1381(K)(1) and (L) by imposing Shifflette's required jail term as a probation condition rather than a misdemeanor sentence. We review questions of statutory interpretation de novo. *Nowell v. Rees*, 219 Ariz. 399, ¶ 11 (App. 2008).

**¶7**        Our task in interpreting statutes is to give effect to the legislature's intent, and "the statute's language is the best indicator of that intent." *Rasmussen v. Munger*, 227 Ariz. 496, ¶ 4 (App. 2011). Thus, "[w]hen the statutory language is clear and has only one reasonable construction, we apply it according to its plain meaning." *State v. Francis*, 243 Ariz. 434, ¶ 6 (2018). "As this case involves the intersection of multiple statutes, we construe them together, seeking to give meaning to all provisions." *Id.* (citations omitted).

**¶8**        Shifflette was sentenced under § 28-1381(K), which applies to defendants convicted of their second DUI offense within eighty-four months. The statute directs that, upon conviction, the defendant "[s]hall be sentenced to serve not less than ninety days in jail, thirty days of which shall be served consecutively, and is not eligible for probation or suspension of execution of sentence unless the entire sentence has been served." § 28-1381(K)(1). Notwithstanding this requirement, the statute separately directs that a "judge may suspend all but thirty days of the sentence if the person completes a court ordered alcohol or other drug screening, education or treatment program." § 28-1381(L). In addition, if the defendant "fails to complete" that program, "and has not been placed on probation," the court may require the defendant to serve the remainder of the sentence. *Id.*

**¶9**        Pursuant to A.R.S. § 13-603(A), a person convicted of an offense "shall be sentenced in accordance with," chapters 7, 8, 9, and 13 of the criminal code. In chapter 9, the legislature has provided that a trial "court may suspend the imposition or *execution* of sentence" as to a defendant who "is eligible for probation." A.R.S. § 13-901(A) (emphasis added); *see also State v. Federico*, 104 Ariz. 49, 49-50 (1968) (distinguishing former Arizona statute from federal statute on basis that federal statute allowed court "to suspend *either the imposition or the execution* of a sentence" but then-Arizona statute allowed "suspension of only the imposition of a sentence"). Although it is commonly the imposition of sentence that is

4

suspended, because the statute includes both words, we must give each of them meaning. *See State v. Windsor*, 224 Ariz. 103, ¶ 6 (App. 2010). In contrast to imposition, the word "execution" is defined as, "The act of carrying out or putting into effect . . . ." *Execution*, Black's Law Dictionary (11th ed. 2019). At one time, Arizona's sentencing scheme only permitted a court to suspend the imposition of sentence and did not permit it to suspend the execution of sentence by allowing a term of incarceration to be "interrupted" or "intermittent." *State v. Bigelow*, 76 Ariz. 13, 17-19 (1953) (distinguishing between court suspending the imposition of sentence and improperly suspending the execution of sentence). But our current statutory scheme allows a court to suspend sentence in either manner.

¶10        The time period for the probationary term is set forth in A.R.S. § 13-902(B)(1), which permits a term of up to five years for a violation of § 28-1381. As a condition of probation, a trial court is also authorized to "require that the defendant be imprisoned in the county jail at whatever time or intervals, consecutive or nonconsecutive, the court shall determine," so long as that confinement "does not exceed one year or the maximum period of imprisonment permitted" for the offense. § 13-901(F).

¶11        Further, A.R.S. § 13-903(A) allows a period of probation to begin either "on the day it is imposed or as designated by the court," thereby allowing a court to set a term of probation to begin after the date of sentencing. Thus, a court may *impose* sentence but order the *execution* of sentence to be suspended at a future point during the term of incarceration, thereby interrupting the sentence. A term of probation may be ordered to begin at that point pursuant to § 13-901(A).[1]

---

[1]In its supplemental brief, the state argued that A.R.S. § 13-116 and the prohibition against double jeopardy prevent a defendant from serving "a portion of statutory jail time" and then being placed on probation for the same act. However, in order to place a defendant on a term of probation the trial court must first suspend the imposition or execution of sentence. § 13-901(A); *see also State v. Watson*, 248 Ariz. 208, ¶ 28 (App. 2020). Thus, just as a defendant only receives one punishment if the imposition of sentence is suspended, only one punishment is given when the execution of sentence is suspended. A court suspending the execution of sentence does not create the same situation for purposes of § 13-116 as that present when a court orders a term of imprisonment and a term of probation to be served consecutively. *See Watson*, 248 Ariz. 208, ¶ 31.

¶12 Thus, the statutory language establishes that a defendant convicted of a second DUI offense must be sentenced to ninety days in jail, with thirty to be served consecutively, before he or she is "eligible for probation." § 28-1381(K). In this case, however, the respondent judge found Shifflette "eligible for probation" at sentencing, and on that date suspended the *imposition* of sentence and placed Shifflette on a five-year probationary term to commence immediately. He further ordered that Shifflette serve ninety days in jail "as a condition of probation" and suspended sixty days of that term. But by statute, Shifflette's term of probation could not begin until she had served the sentence required by § 28-1381(K). And a court has no authority to grant probation outside of statutory provisions. *State v. Watson*, 248 Ariz. 208, ¶ 25 (App. 2020).

¶13 For these reasons, the respondent judge erred by suspending the imposition of sentence and placing Shifflette on probation, and by ordering her to serve § 28-1381(K)'s required jail term as a probation condition. The respondent was instead required to impose a ninety-day misdemeanor sentence, and could only suspend that sentence's execution and impose probation as authorized by § 28-1381(L). Shifflette must therefore be resentenced on the DUI count.

¶14 The question remains whether, on remand, § 13-712(B) requires the respondent judge to award presentence incarceration credit on Shifflette's misdemeanor sentence, and specifically whether he must apply any credit to the consecutive thirty-day jail term required by § 28-1381(K)(1), even though such application would bifurcate the term. The respondent interpreted § 28-1381(K)(1) to contain an express exception to § 13-712(B). Shifflette maintains this was error and that § 13-712(B) required the respondent to credit her thirty-day jail term with the ten days she spent incarcerated after her arrest. The state agrees that the court misinterpreted § 28-1381(K)(1) as creating an express exception to § 13-712(B).

¶15 Section 13-712(B) requires a trial court to credit a defendant with time "spent in custody pursuant to an offense," unless "otherwise provided for by this chapter." As the respondent judge correctly pointed out, although § 13-712(B) is contained in Title 13, it nonetheless generally applies to criminal offenses, like DUI, defined in other titles. *See* § 13-102(D).

¶16 Nothing in § 28-1381 expressly exempts repeat misdemeanor DUI convictions from receiving time credit under § 13-712(B), as the respondent judge indicated. If the legislature intended that presentence

incarceration credit not apply at all to convictions under § 28-1381(K), it would have said so, as it did in relation to certain credit under the corresponding felony DUI statute. *See* A.R.S. § 28-1383(H), (I). In fact, it appears that the legislature contemplated that those convicted of DUI would receive credit in some circumstances. *See* A.R.S. § 28-1446 (governing calculation of presentence incarceration credit).

**¶17** Although § 28-1381(K) does not provide an express exception to § 13-712(B)'s requirement that a defendant receive presentence incarceration credit for a second misdemeanor DUI offense, it nonetheless limits the manner in which such credit may be applied. Title 13's sentencing provisions apply to criminal offenses defined in other titles "unless the context otherwise requires." § 13-102(D). And when interpreting statutes, we must ensure not to render superfluous any of their provisions. *See Nicaise v. Sundaram*, 245 Ariz. 566, ¶ 11 (2019).

**¶18** Applying presentence incarceration credit to reduce § 28-1381(K)(1)'s mandatory thirty-day jail term, as Shifflette requests, would bifurcate that term and nullify the provision's requirement that defendants serve the term consecutively. The ordinary meaning of "consecutively" is "each following the other without interruption." *Consecutively*, Merriam-Webster, https://www.merriam-webster.com (last accessed June 12, 2023).[2] Thus, by its plain meaning, § 28-1381(K)(1) requires a defendant to serve thirty consecutive—that is, uninterrupted—days in jail. Although subsection (L) allows a court to suspend some of subsection (K)'s ninety-day sentence, it specifies that thirty days cannot be suspended, and nothing in subsection (L) removes subsection (K)'s requirement that those days be served consecutively. Accordingly, the relevant statutory context precludes applying presentence incarceration

---

[2]The parties speculate that the legislature added § 28-1381(K)(1)'s requirement that a defendant serve thirty consecutive days to preclude work furlough or weekend-only jail terms, not to prevent courts from applying presentence incarceration credit to the thirty days. Neither party, however, cited any authority for this proposition. And where, as here, the statutory language is clear and unambiguous, its plain meaning is the best evidence of the legislature's intent. *See Rasmussen*, 227 Ariz. 496, ¶ 4; *see also State ex rel. McDougall v. Superior Court*, 186 Ariz. 218, 220 (App. 1996) ("Where the language of a statute is clear and unambiguous this court will apply the statute's plain language.").

credit to reduce Shifflette's mandatory thirty-day jail term, which would result in her serving that time in two non-consecutive blocks. *See* § 13-102(D).

**¶19** While the respondent judge correctly concluded that he could not bifurcate the thirty-day period, he erred to the extent he determined that § 13-712(B) does not apply to § 28-1381(K) and does not entitle Shifflette to receive presentence incarceration credit on her ninety-day sentence. If on remand the respondent suspends fewer than sixty days of Shifflette's sentence, or if he ultimately requires her to serve the suspended days because, for example, she fails to comply with statutory conditions, *see* § 28-1381(L), or violates the terms of any probation imposed on remand, *see* § 13-903(F), she must receive ten days of credit against the remaining portion of her sentence, as long as she still serves thirty consecutive days in jail.[3]

**¶20** In sum, a trial court sentencing a defendant under § 28-1381(K) should, at sentencing, impose the mandatory sentence, requiring the defendant to serve thirty consecutive days, if he or she has not already done so. If the consecutive days have been served, the credit may be applied accordingly. If, in its discretion, the court chooses to order the suspension of the execution of all but thirty days of that sentence pursuant to § 28-1381(L), it should do so at sentencing, setting a date for the commencement of probation under § 13-903(A) if probation is to be ordered. As required by Rule 26.10, Ariz. R. Crim. P., because § 28-1381(K) directs the entry of a sentence, the court must also consider the time spent in custody on the charge and specify "the amount of time to be credited against the sentence."

---

[3]Because we conclude that the respondent judge improperly ordered Shifflette to serve thirty days as a condition of probation, we need not address the state's argument that the respondent judge's ruling was correct based on *State v. Brodie*, 127 Ariz. 150 (App. 1980), or Shifflette's implicit request for us to disagree with that decision. Likewise, because Shifflette's sentence does not exceed the statutory maximum, we need not address her undeveloped equal protection argument. *See State v. Mathieu*, 165 Ariz. 20, 22 (App. 1990) (appellate court "bound by the supreme court's implied holding that the equal protection clause does not require credit unless the statutory maximum is exceeded when the presentence incarceration time is added to the sentence imposed" (citing *State v. Gray*, 122 Ariz. 445 (1979))).

**Disposition**

¶21 For the foregoing reasons, we accept jurisdiction and grant relief. We vacate the respondent judge's order suspending the imposition of sentence and placing Shifflette on probation and remand the matter to the respondent for resentencing consistent with this opinion.